In the Matter of Robert J. Schlear. Appeal From the Civil Service Commission. Robert J. Schlear, Appellant.

Argued March 4, 1981, before President Judge CRUMLISH and Judges CRAIG and WILLIAMS, JR., sitting as a panel of three.

*Kenneth E. Aaron, Davidson, Aaron & Tumini,* for appellant.

*Denise Rae Scott,* Assistant City Solicitor, with her *Alan J. Davis,* City Solicitor, and *Judith N. Dean,* Deputy, Appeals Division, for appellee.

OPINION BY JUDGE CRAIG, April 3, 1981:

Robert J. Schlear appeals from an order of the Court of Common Pleas of Philadelphia, affirming the Philadelphia Civil Service Commission's determination that his conduct on March 15, 1978 constituted just cause for dismissal from the Philadelphia police force.

Appellant and his partner, Edward Marshall, were assigned to patrol a certain area on the 7:00 p.m. to 3:00 a.m. shift ending on March 15. However, they reported off-duty at approximately 2:30 a.m. by turning in their logs and informing the officer in charge of the command post for the shift that they were leaving.

Appellant and Marshall went directly to an after-hours club, where Marshall gave his revolver to the

bartender "for safekeeping." Marshall testified that he had several drinks, but that appellant did not drink because of digestive problems.

Marshall's gun discharged accidentally when he was retrieving it from the bartender around 5:30 a.m.; the bullet struck appellant's right ear and grazed his neck. Marshall flagged down a passing police car, which took appellant to the hospital for treatment. Neither appellant nor Marshall filed a report on the incident, as required by police rules.

On May 31, 1978, the police commissioner issued to appellant a Notice of Intention to Dismiss, which detailed the charges, which included quitting early, failure to report the shooting, and unbecoming conduct.

### 1. Early Departure from Duty

Appellant first claims that the record is devoid of any evidence to support the Commission's finding that he left the "area of patrol a half hour before the authorized time".

We cannot say that the Commission abused its discretion in making that early departure finding. *Smith v. Civil Service Commission of Philadelphia*, 53 Pa. Commonwealth Ct. 165, 417 A.2d 810 (1980). The record is replete with testimony supporting that finding; the officer in charge of the shift stated unequivocally that he looked at his watch when appellant and his partner turned in their logs, and that it was 2:30 a.m. Appellant's argument that it was customary for police officers to check-off prior to 3:00 a.m. was directly contradicted by a lieutenant's testimony.

### 2. Failure to Report Gun Firing

With respect to the charge of failure to report the firing of the firearm, the Commission's finding is expressed in vague terms, as follows:

3. We find requisite reports were not made of the gunshot wound inflicted upon Officer Schlear.

Because the proceedings involve charges against two officers, one of whom was injured, the Commission's use of the passive verb is somewhat uninformative. Of course, because the finding indicates that there were *no* proper reports, we can deduce that *neither* officer followed police procedure on the point. Thus interpreted, the finding apparently has a sound basis in the fact that, as noted by the Commission in its discussion, the parties and their counsel stipulated that neither officer took required police action. The Commission does not indicate whether appellant's gunshot injury provided any justification for a delay in reporting by him.

### 3. *Presence in Club, Unbecoming Conduct*

There is no evidence to support the police department charge that appellant neglected his duty because he failed to take action when the club bartender served alcoholic beverages after 3:00 a.m. Although such conduct, if clearly proven, would justify the charge, the record is devoid of any evidence to support the assertion that alcoholic beverages were served after the legal hour, or that appellant observed any infraction.[1] The Commission made no finding on the point;

---

[1] Although, as noted in our statement of the facts, Marshall testified that he had several drinks in appellant's presence after their arrival in the club, there is no substantial evidence that those drinks were served *after* the 3:00 a.m. legal hour. Section 406 of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §4-406. Marshall's rather vague testimony was:

Q. Now, would you tell the Commission what, if anything happened when you entered the ... Point Breeze Athletic Club?

Marshall: We walked in it was about, ah, three o'clock. The gentleman was calling last-call. He, ah, gave us a few drinks. I had a few drinks ...

we cannot regard the Commission's general statement, that "the charges ... were established," as a finding of fact.

Moreover, as a matter of law, we cannot sustain the Commission's finding and conclusion that the "presence of appellants in an after-hours club" constitutes unbecoming conduct.

Although off-duty conduct clearly may be the basis of a charge of conduct unbecoming an officer, *Fabio v. Civil Service Commission of Philadelphia*,      Pa.     , 414 A.2d 82 (1980), neither appellant's presence in a legal club nor his being the victim of a shooting (under circumstances possibly reflecting negatively upon his fellow officer) constitute conduct tending to destroy public respect and confidence in the operation of services or affecting the morale or efficiency of the police department. *DiCiacco v. Civil Service Commission of Philadelphia*, 37 Pa. Commonwealth Ct. 77, 389 A.2d 703 (1978); *Eppolito v. Bristol Borough*, 19 Pa. Commonwealth Ct. 99, 339 A.2d 653 (1975). The *Baker Case*, 409 Pa. 143, 185 A.2d 521 (1962), upholding the discharge of an officer for being present in an illegal gambling establishment, is plainly distinguishable.

## Conclusion

In light of our review and disposition of the Commission's findings, we cannot affirm its determination that just cause existed for appellant's dismissal because we cannot assume that that Commission would deem dismissal warranted by the sustained violations remaining.

Accordingly, we remand this case to the Commission for reconsideration of the appropriate penalty to be imposed solely for the early departure and reporting failure violations, noting that it is within the Commission's discretion to determine whether the facts of a

case justify dismissal or an alternate remedy. *Losieniecki v. Board of Probation and Parole*, 39 Pa. Commonwealth Ct. 194, 395 A.2d 304 (1978).[2]

ORDER

AND Now, April 3, 1981, the order of the Court of Common Pleas of Philadelphia, affirming the Civil Service Commission of the City of Philadelphia, is affirmed in part and reversed in part, and the case is remanded to the Commission for redetermination of the penalty to be imposed in light of this opinion.

This decision was reached prior to the expiration of the term of office of Judge WILKINSON, JR.

---

[2] In view of our disposition of this case, we need not discuss appellant's contention that the Commission's adjudication did not comply with 2 Pa. C. S. §555, requiring all local agency adjudications to be in writing and to contain findings of fact and reasons for the adjudication. We note, however, that the Commission's opinion clearly fulfilled the notice requirement of that section and therefore is not vulnerable to attack on that basis.