In Re: Appeal of Gerald M. Wallace From the Decision of the Robinson Township Civil Service Commission. Gerald M. Wallace, Appellant.

540

Argued March 11, 1985, before Judge MacPhail, and, Senior Judges Blatt and Barbieri, sitting as a panel of three.

*Michael T. Stubna*, for appellant.

*Samuel P. Kamin, Goldberg & Kamin*, for appellee.

Opinion by Judge Blatt, July 25, 1985:

Gerald M. Wallace (appellant) appeals here from an order of the Court of Common Pleas of Allegheny County which upheld the decision of the Civil Service Commission (Commission) of Robinson Township (Township) discharging him from his position as a Township police officer. He was found guilty of conduct unbecoming an officer.

The appellant, employed since September 1977, was suspended in December 1982 for continually failing to obey his superior's command that he comply with the Township residency requirement. The suspension was subsequently converted to a discharge when he again refused to move into the Township, and he appealed to the Commission which upheld the discharge. An appeal to the court of common pleas resulted and that court took additional evidence to determine whether or not the Township had a legally binding residency requirement.

The trial court found that, while the Township had not enacted an ordinance mandating that police officers also be residents, the Township police officers were subject to an arbitration award, rendered under the Act of June 24, 1968 (Act 111), P.L. 237, *as amended,* 43 P.S. §§217.1-217.10, which contained a residency requirement.[1] It concluded that the award was binding on the appellant and that his refusal to obey his superior's command to move into the Township amounted to conduct unbecoming an officer. The court held, therefore, that the discharge was proper pursuant to Section 644 of The First Class Township Code (Code), Act of June 24, 1931, P.L. 1206, *as amended,* added by Section 20 of the Act of May 27,

---

[1] The 1980-81 collective bargaining agreement in force between Robinson Township and its police officers contained a provision stating that "[a]ll members of the Robinson Township Police Department shall be residents of the Township of Robinson." When that agreement expired, the parties proceeded to binding arbitration pursuant to Section 4 of Act 111, 43 P.S. §217.4. The arbitration award, which covered the calendar years 1982-83, did not specifically contain a residency requirement but provided that "[a]ll terms and conditions in effect under prior Agreements, which are not inconsistent or in conflict with any terms and conditions herein, will remain in effect, under this Agreement." Neither party disputes the fact that the residency requirement as contained in the 1980-81 agreement was thereby made part of the 1982-83 award.

1949, P.L. 1955, 53 P.S. §55644.[2] The present appeal followed.

Our scope of review, when the trial court takes additional evidence in an appeal from a Civil Service Commission order, is limited to determining whether or not the court abused its discretion or committed an error of law. *Bell v. Borough Council, Borough of Conshohocken,* 33 Pa. Commonwealth Ct. 424, 381 A. 2d 1345 (1978).

The appellant argues that, under Section 639 of the Code,[3] a residency requirement for First Class Township police officers can be implemented only by enacting an ordinance. He contends that although this Court held in *Cheltenham Township v. Cheltenham Police Department,* 8 Pa. Commonwealth Ct. 360, 301 A.2d 430 (1973) that a residency requirement as a "condition of employment" is arbitrable under Act 111, the arbitration award is not self-implementing. He maintains that under Section 7(b) of Act 111,[4] a residency requirement established pursuant to an arbitration award is not binding on the police officers

---

[2] Section 644 of The First Class Township Code provides, in pertinent part, that "[n]o person employed in any police or fire force of any township shall be suspended, removed or reduced in rank except for the following reasons: . . . (4) inefficiency, neglect, intemperance, disobedience of orders, or conduct unbecoming an officer; . . . ."

[3] *As amended,* added by Section 20 of the Act of May 27, 1949, P.L. 1955, 53 P.S. §55639. Section 639 of the First Class Township Code states, in pertinent part, that "[t]he commissioners may, at their option, accept applications from non-residents of the township and *may, by ordinance, require non-resident policemen and firemen to become residents of the township after appointment to such positions.*"

[4] Section 7(b) of Act 111 provides, in pertinent part, that the arbitration award "shall constitute a mandate . . . to the lawmaking body of such political subdivision . . . with respect to matters which require legislative action, to take the action necessary to carry out the determination of the board of arbitration." 43 P.S. §217.7(b).

subject to that award until it is embodied in an ordinance. He concludes, therefore, that since Robinson Township has no residency ordinance for police officers his failure to obey his superior's command should not be viewed as conduct unbecoming an officer.

In *Cheltenham Township,* however, this Court not only upheld an arbitration award containing a residency requirement, we stated that such a requirement is not in conflict with Section 639 of the Code. We concluded there that Section 639 allows a First Class Township to enact a residency ordinance for its police officers at its discretion and that, as long as the arbitration award did not require the township to act illegally, it would be binding upon both the township concerned and its police officers. Based upon our *Cheltenham Township* decision, therefore, we would conclude that a residency requirement may be imposed upon police officers working for a first class township *either by way of an ordinance or by way of compliance with a binding arbitration award.*

Because we have concluded that the appellant is bound by the residency requirement as contained in the applicable arbitration award and because he has conceded that he did not reside within Robinson Township during the course of his employment as a police officer for the Township, we must now determine whether or not his continual refusal to obey his superior's requests to move into the Township warranted his dismissal under Section 644 of the Code.

Conduct unbecoming an officer has been defined in case law as "conduct tending to destroy public respect and confidence in the operation of services or affecting the morale or efficiency of the police department." *Schlear Appeal,* 58 Pa. Commonwealth Ct. 241, 245, 427 A.2d 751, 753 (1981). Here, the ap-

pellant repeatedly refused to obey the lawful command of his superior to move within the Township limits. Furthermore, the record reveals that, following his suspension, the appellant assured the Police Chief of Robinson Township that he had moved into the Township but that, upon investigation, the Police Chief learned that the appellant had given him false information. We believe that the appellant's dishonesty here, plus his refusal to obey a valid order, clearly amounts to conduct unbecoming an officer.

Accordingly, we will affirm.

ORDER

AND NOW, this 25th day of July, 1985, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby affirmed.