548

## Hayes v. Philadelphia Electric Co.

*Howard K. Trubman,* for plaintiff.

*Frederic C. Wentz,* for defendant Montgomery County.

*Gilbert P. High,* for defendant Philadelphia Electric Co.

VOGEL, *P.J.,* January 22, 1991—To understand the court's determination it is necessary to set forth the rather complicated procedural history of this matter, commenced by the filing of a motion for leave to file amended complaint by plaintiffs, Carolyn Hayes et al., on March 12, 1990. On April 16, 1990, defendant Philadelphia Electric Company filed its answer with new matter to plaintiffs' motion for leave to file an amended complaint.

Oral argument before the undersigned was heard on June 15, 1990, and by our order re plaintiffs', Carolyn Hayes et al., motion for leave to file amended complaint filed March 12, 1990, the motion

was denied on August 15, 1990. Our order relied on the case of *Jones v. Cheltenham Township,* 117 Pa. Commw. 440, 543 A.2d 1258 (1988).

Plaintiffs' counsel filed a motion to reconsider motion for leave to file amended complaint on August 22, 1990, asserting that plaintiffs' counsel had not received a copy of the letter of July 25, 1990 which defense counsel had written to the court, although a copy was indicated, setting forth the *Jones* case, *supra,* as controlling authority. After a conference with counsel on September 27, 1990, this court by its order of October 10, 1990, granted plaintiffs' motion to reconsider motion for leave to file amended complaint of August 22, 1990, so that both counsel would have an opportunity to reargue the issue at hand.

Accordingly, on December 14, 1990, before a court en banc consisting of the undersigned and his honor, Samuel W. Salus II, reargument occurred. Hence this opinion and order.

The sole issue for consideration is whether or not plaintiffs, Carolyn Hayes et al., may file an amended complaint, thereby asserting a cause of action for willful or malicious failure to guard or warn against a dangerous condition on the land of the owner, Philadelphia Electric Company, so as to avoid defendant's defense that plaintiffs' original cause of action is barred by the Recreation Use of Land and Water Act, 68 Pa.C.S. §§4477-1 to 8. One provision of that act, namely, 68 Pa.C.S. §477-6, states in pertinent part:

"Nothing in this act limits in any way any liability which otherwise exists:

"(1) For willful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity."

The genesis of this case occurred on November 2, 1980 when plaintiffs' decedent, Glenn Hayes, age 39, was fishing on the dam of the Philadelphia Electric Company when he did slip, skid, trip and/or fall into the Schuylkill River and unfortunately drowned, as set forth in the plaintiffs' complaint of October 30, 1981, paragraphs 26 and 27.

Plaintiffs at page 30 of the complaint set forth:

"(30) Plaintiffs' decedent's injuries and death were the result of the carelessness, negligence, gross negligence, *wantonness* and reckless disregard for the safety of the decedent by the defendants, and each of them jointly and severally, in the following particular respects:

"(a) Failing to warn of dangerous conditions created or permitted to remain by defendants;

"(b) Allowing free and open access to an area that posed a severe danger of injury;

"(c) Disregarding the safety of recreational users of the area by failing to completely eliminate and/or correct a *'known danger'* involving a substantial likelihood of serious injury which included:. . .." (emphasis supplied)

As mentioned, on August 15, 1990, the court denied plaintiffs' motion to amend complaint relying on *Jones v. Cheltenham Township,* 117 Pa. Commw. 440, 543 A.2d 1258 (1988), which held:

"The trial court did not commit an error of law, or abuse of discretion, in denying appellant leave to amend its complaint to add willful negligence. Appellant's original complaint was an action in negligence. A new cause of action arises when a new theory or different kind of negligence than one originally raised is proposed. *Junk v. East End Fire Dept.,* 262 Pa. Super. 473, 396 A.2d 1269 (1978). Appellant's attempt to amend his action from negligence to willful negligence constitutes a new and

different cause of action which was properly denied by the trial court. One of the primary reasons for disallowing amendments which create new causes of action, after the running of the statute of limitations, is to prevent prejudice to the adverse party. *Id.* at 491, 396 A.2d at 1278 citing *Wilson v. Howard Johnson Restaurant,* 421 Pa. 455 at 461, 219 A.2d 676 at 679 (1966)." (footnote omitted)

Upon careful review of the *Jones* case, *supra,* and the pleadings set forth in the plaintiffs' original complaint, particularly paragraph 30, we are constrained to hold that plaintiffs should be permitted to file their amended complaint only as to an averment of willful misconduct and not malicious misconduct, thus circumventing the statutory prohibitions of 68 Pa.C.S. §477-3 and coming under the umbrella of 68 Pa.C.S. §477-6. Our reasoning is twofold, namely, a reading of paragraph 30 of the complaint clearly sets forth more than mere negligence, i.e., "gross negligence, wantonness and reckless disregard for the safety of the decedent . . . failing to completely eliminate and/or correct a known danger," and thereafter setting forth the dangers in subparagraphs 30(c)(1), (2), (3), and (4). Thus, there is conduct averred far greater than the mere negligence averments set forth in *Jones, supra.* Secondly, and most important, is the language set forth in *Holland v. Commonwealth of Pennsylvania, Norristown State Hospital,* 136 Pa. Commw. 655, 584 A.2d 1056 (1990), by the Honorable Dante R. Pellegrini, previously not known to the court, which stated in footnote 10:

"Thus, the MHPA imposes the requirement that Holland alleged gross negligence or willful misconduct on the part of Norristown. In her complaint, Holland alleges 'wanton' conduct on Norristown's

part. (R.R. 8a-9a). Black's Law Dictionary defines a 'wanton act' as:

" 'One done in reckless disregard of the rights of others, . . . and is more than negligence, *more than gross negligence, . . . equivalent in its results to willful misconduct.'* Black's Law Dictionary 1419 (5th ed. 1979). [emphasis supplied by Commonwealth Court] An allegation of 'wantonness' clearly satisfies the requirement of gross negligence or willful misconduct set forth in *Goryeb v. Department of Public Welfare.*"

Indeed, what this court determines Judge Pellegrini did was to equate "wanton" with "willful" misconduct.* Thus, since plaintiffs' original complaint expressly avers "wantonness," we are hard pressed not to deny their right to amend their complaint to specifically aver the same in view of the broad discretion granted trial courts to permit this. *Horowitz v. Universal Underwriters Insurance Co.,* 397 Pa. Super. 473, 580 A.2d 395 (1990), and *Newcomer v. Civil Service Commission,* 100 Pa. Commw. 559, 515 A.2d 108 (1986).

Finally, we see no violation of the statute of limitations as justifiably asserted in the *Jones* case, *supra.* Simply stated, a new cause of action will not be commenced by an amended complaint, rather a clarification of paragraph 30 to permit the averment of "willful misconduct" will arise. In this regard we note the exception set forth in 68 Pa.C.S. §477-6, namely, "willful or malicious" failure to guard or warn against a dangerous condition is in the disjunctive.

---

* We recognize that defendants rely on *Evans v. Philadelphia Transportation Company,* 418 Pa. 567, 212 A.2d 440 (1965), to assert there is a distinction between "willful" and "wanton," citing *Prosser on Torts.* This conflict in definition will have to be decided by a higher court than ours.

Accordingly, the following is appropriate.

## ORDER

And now, January 22, 1991, after oral argument on December 14, 1990, and consideration of briefs of counsel, the court's order of August 15, 1990, re motion for leave to file amended complaint of plaintiffs, Carolyn Hayes et al., filed March 12, 1990, is revoked.

Motion for leave to file amended complaint of plaintiffs, Carolyn Hayes et al., filed March 12, 1990, is granted to permit the filing of an amended complaint confined to the averment of "willful misconduct" only, which amended complaint is to be filed within 20 days of the date of this order.

This court determines that a controlling question of law exists in which there is a substantial ground for a difference of opinion, and therefore an immediate appeal to the appropriate appellate court is permitted pursuant to 42 Pa.C.S. §702(b).