## Gelzinis v. Hoffman Graphics Inc.

C.P. of Bucks County, no. 96-00806-14-2.

*Vincent A. Guarna,* for plaintiff.
*John S. Thome Jr.,* for defendant.

SCOTT, *J.,* October 6, 1998—Marilyn Gelzinis, plaintiff, has filed post-trial motions following a $3,000 jury verdict in her favor. For the reasons discussed below, we deny these post-trial motions.

This trial involved a claim for personal injuries arising out of an automobile accident that occurred on February 25, 1994. The plaintiff was stopped for traffic when the automobile she was driving was struck in the rear by an automobile operated by John H. Hoffman III and owned by Hoffman Graphics Inc., collectively, defendant. The negligence of the defendant was not contested at trial. Plaintiff sought damages principally for neck and back problems and carpal tunnel syndrome.

Plaintiff's post-trial motions are as follows:

(1) The verdict in favor of the plaintiff was so inadequate that the court should order a new trial.

(2) The court erred in granting defendant's points for charge covering mitigation of damages.

(3) The failure to charge the jury with certain of plaintiff's points for charge on issue of pre-existing injuries was an error of law.

We will discuss each of these points below.

### 1. *The Verdict Was So Inadequate As To Require a New Trial*

Although the defendant's negligence was conceded at trial, there was a dispute as to the cause and extent of the damages claimed by plaintiff. Plaintiff's first

doctor visit was four days after the accident. She was treated for complaints of neck and back pain, and pain in her arms and legs. Dr. George Weber, her family doctor, testified to a diagnosis of cervical and lumbar sprain and strain. He also eventually diagnosed her with bilateral carpal tunnel syndrome. It was also the opinion of plaintiff's medical expert, Dr. Aron Wahrman, that the plaintiff had carpal tunnel syndrome and that it was a result of the auto accident.

The defense medical expert, Dr. John Taras, expressed the opinion that plaintiff did not have carpal tunnel syndrome. He called her condition bilateral subjective hand pain. (Defendant's exhibit 3, p. 30.) Dr. Taras testified that her condition was not the result of the accident but possibly caused by other factors such as the fact that she is in her fifties, her occupation as a bookkeeper and her obesity.

At the time of trial, the plaintiff testified that she remained symptomatic in her back and both hands and was unable to do certain activities of daily living. However, she did not miss any work as a result of the accident. Rather, at the time of the accident, she was working part-time and six months later switched to full-time. Further, on cross-examination, plaintiff acknowledged prior treatment for a stiff neck. (N.T., p. 31.) The plaintiff also had lower back dysfunction/spasms about a year prior to the accident for which Dr. Weber ordered x-rays. (Exhibit P-4, pp. 59-60.) Dr. Weber discovered the spasms during his examination of her stiff neck although the plaintiff never mentioned to him that she had any problems with her lower back. (N.T., p. 34.) In addition, as discussed below, there was an issue of plaintiff's conduct in not mitigating any damages due to the carpal tunnel syndrome.

When a verdict is grossly inadequate, the grant of a new trial is proper. *Kiser v. Schulte,* 538 Pa. 219, 648 A.2d 1 (1994). In addition, a court can grant a new trial when the jury verdict is so contrary to the evidence that it shocks one's sense of justice. *Neison v. Hines,* 539 Pa. 516, 653 A. 2d 634 (1995), quoting *Kiser.* Since causation and extent of damages were disputed at trial, we cannot say that the jury award of $3,000 was grossly inadequate or shocked our sense of justice.

### 2. *The Court Erred in Giving Defendant's Point for Charge on Mitigation of Damages*

Plaintiff argues that since defendant did not plead mitigation of damages as an affirmative defense, that he was precluded from having this charge given to the jury. In general, mitigation of damages is an affirmative defense that must be pled. *Koppers Co. v. Aetna Casualty and Surety Co.,* 98 F.3d 1440 (3d Cir. 1996).

However, in this case, a mitigation question was not apparent until considerably after the defendant had filed his answer and new matter in March 1996. The plaintiff's first visit to Dr. Wahrman was in April 1996 and he issued his report in November 1997. In his report, Dr. Wahrman made reference to both cortisone injections and surgery as possible treatments for the plaintiff but that she had not agreed. Further, at Dr. Wahrman's trial deposition on June 8, 1998 (exhibit P-6), plaintiff's counsel asked Dr. Wahrman a series of questions on direct, dealing with the treatment recommendations. (Exhibit P-6, pp. 30-36.) Plaintiff testified at trial that she did not wear a wrist brace for the amount of time prescribed (N.T., p. 37); she did not take cortisone injections in her wrists as recommended (N.T., p. 38);

and that she did not have the carpal tunnel release surgery as suggested by Dr. Wahrman. (N.T., p. 38.)

Defendant made a motion to amend the pleadings at trial to include the mitigation defense. This motion was granted. (N.T., p. 94.) This amendment merely conformed the pleadings to the evidence presented at trial and was proper. *Newcomer v. Civil Service Commission of Fairchance Borough,* 100 Pa. Commw. 559, 515 A.2d 108 (1986).

The evidence presented in this case required instruction to the jury as to how to evaluate the issue of mitigation. Accordingly, this post-trial motion is denied.

### 3. *The Failure To Use Plaintiff's Suggested Points for Charge on Issue of Pre-existing Injuries Was Error of Law*

The plaintiff contends that the court erred in not granting plaintiff's points for charge numbers 17, 20, 21 and 22 regarding pre-existing injuries. Instead, the court read Pennsylvania Suggested Standard Civil Jury Instruction 6.23 which addressed pre-existing injuries. The plaintiff's counsel admitted that the standard instruction covered the issue, "just not to the extent I'd like, but I understand." (N.T., pp. 82-83.)

Counsel was unable to articulate a particular concept in his proposed points for charge that was not covered in the standard instruction. (N.T., p. 82.) We found that the standard charge sufficiently covered the law regarding pre-existing injuries.

Accordingly, this post-trial motion is denied.

For the above reasons, we deny the plaintiff's post-trial motions and enter the attached order.

### ORDER

And now, October 6, 1998, the post-trial motions filed on behalf of the plaintiff are denied and dismissed.