**E.O.J., INC.**

v.

**The TAX CLAIM BUREAU OF SCHUYLKILL COUNTY and Commonwealth Environmental Systems, L.P., E.O.J., Inc.**

**E.O.J., Inc.**

v.

**The Tax Claim Bureau of Schuylkill County and Richard J. Withelder, John R. Withelder, Sr., Alyce W. Harman; and Dianne L. Withelder, Successors in interest to Ross Withelder, a/k/a Jackie Withelder and Commonwealth Environmental Systems, L.P., Appeal of E.O.J., Appellant.**

Commonwealth Court of Pennsylvania.

Argued June 6, 2001.
Decided July 17, 2001.
Reargument Denied Sept. 25, 2001.

See also 721 A.2d 79.

John J. Leonard, Philadelphia, for appellants.

Stacey A. Foust, Pottsville, for appellees.

Frank L. Tamulonis, Jr., Pottsville, for appellee, Commonwealth Environmental Systems, L.P.

Before FRIEDMAN, Judge, FLAHERTY, Senior Judge and RODGERS, Senior Judge.

FRIEDMAN, Judge.

E.O.J., Inc. (EOJ) appeals from three orders of the Court of Common Pleas of Schuylkill County (trial court), all of which relate to a quiet title and ejectment action (Title Action) that EOJ filed with the trial court on July 24, 1989. We affirm.

EOJ filed the Title Action after it purchased 652.6 acres in Reilly and Frailey Townships, Schuylkill County (County) from Joseph De Concini for $5,000.00. (R.R. at 60, 64, 73–74.) De Concini originally purchased the property for $1.00 on December 20, 1939. (R.R. at 60–61, 72.) The only parcel at issue in this case is 200.4 acres of land that is part of the Melchior Hoffa tract (Hoffa tract) in Reilly Township. (EOJ's brief at 5.)

Because De Concini failed to pay real estate taxes on the Hoffa tract in 1939 and 1940, the County Treasurer put the Hoffa tract up for sale in 1942 (1942 sale), and the County Commissioners (Commissioners) purchased it for the amount of back taxes, penalties and interest due and owing. (R.R. at 1018–22.)

Following the enactment of the Real Estate Tax Sale Law (Law),[1] under which the Tax Claim Bureau of Schuylkill County (Bureau) was formed, any property, including the Hoffa tract, that had been purchased by Commissioners had to be

---

1. Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§ 5860.101–5860.803.

turned over to the Bureau, which exposed the Hoffa tract to a tax upset sale in December 1949 (1949 sale). The County sent notice to De Concini of the entry of claim on the Hoffa tract on July 2, 1948. (R.R. at 1010, 1024.) De Concini received notice of the entry of claim for the 1949 sale and signed and returned the receipt card. (R.R. at 1024, Trial ct. op. of 11/17/00 at 2.) When no bids were received at the sale, the Bureau, as trustee, retained title to, and interest in, the Hoffa tract. (R.R. at 1010.)

. On March 3, 1971, the Bureau sold, at a private sale, ten acres of the Hoffa tract to Jackie Withelder. Notice of the sale was mailed to De Concini, who signed the return receipt card on March 4, 1971. (R.R. at 1043–44.) Then, on June 24, 1971, at another private sale, the Bureau sold fifteen more acres of the Hoffa tract to Withelder. (R.R. at 1045.) Notice of this sale also was mailed to De Concini, who signed the return receipt card on June 25, 1971. (R.R. at 1046–47.)

On March 7, 1988, EOJ purchased the 652.6 acres of land, including the Hoffa tract, from De Concini. (R.R. at 73–74.) On July 24, 1989, EOJ filed the Title Action against the Bureau and Richard J. Withelder, John R. Withelder, Sr., Alyce W. Harman, and Dianne L. Withelder, successors in interest to Ross Withelder, who was also known as Jackie Withelder (collectively, Withelders). (R.R. at 59–71.) In the Title Action complaint, EOJ alleged that the Bureau failed to provide De Concini with proper notice of the 1942 and 1949 sales, which invalidated the sales and entitled EOJ to the Hoffa tract free and clear of the Bureau's and the Withelders' claims. The Withelders and the Bureau filed preliminary objections to EOJ's complaint, requesting the trial court to strike the complaint for setting forth both an action in ejectment and to quiet title, in violation of Rule 1055 of the Pennsylvania Rules of Civil Procedure, Pa. R.C.P. No. 1055. (R.R. at 81–82, 133–37.) On October 19, 1989, the trial court granted the preliminary objections in part, striking the quiet title action count from the complaint, leaving the action in ejectment (Ejectment Action) as EOJ's only cause of action. (R.R. 182–83.) The Bureau and the Withelders then filed answers to EOJ's Ejectment Action. (R.R. at 185, 201.) In its answer, the Bureau included new matter alleging that De Concini and EOJ were guilty of laches where EOJ prejudiced the Bureau by substantially delaying filing its action to challenge the 1942 and 1949 tax sales. (R.R. at 198–99.)

On April 8, 1996, seven years after EOJ filed the Title Action, the Bureau filed a motion for entry of judgment of *non prosequitur* (non pros), and, in the alternative, requested leave to amend its answer to the Ejectment Action complaint to allege the affirmative defense of statute of limitations. (R.R. at 327–329.) The trial court granted the motion, concluding that EOJ had failed to pursue the Ejectment Action since January 26, 1990, and the trial court entered a judgment of non pros on February 17, 1997. (R.R. at 410–11.) Subsequently, on July 16, 1997, EOJ petitioned the trial court to open the judgment. (R.R. at 598–611.)

On August 12, 1998, the Bureau entered into an agreement of sale with Commonwealth Environmental Systems, L.P., (CES), whereby CES agreed to purchase the Hoffa tract for $450,000.00. (R.R. at 703–09.) On March 26, 1999, CES filed a motion to intervene in the Ejectment Action, (R.R. at 699–702), which the trial court granted on October 18, 1999. (R.R. at 816–17.) EOJ contends that, on July 8, 1999, the Bureau offered to settle the Ejectment Action, and EOJ immediately tendered the check for $436,492.26 to pay

the amount of unpaid taxes, interest and penalties on all of the property. (R.R. at 808, EOJ's brief at 9.) In August of 1999, EOJ filed a Petition to Discharge Tax Claims and Liens and/or to Enforce Settlement (Discharge Petition), alleging that the Bureau improperly rejected EOJ's settlement offer. (R.R. at 805–16.)

In a November 9, 1999 order, the trial court granted EOJ's July 16, 1997 petition to open the judgment of non pros and granted the Bureau leave to amend its answer to the Ejectment Action to assert the statute of limitations defense, concluding that EOJ would not be unduly prejudiced by the amendment in light of the fact that EOJ has been responsible for much of the delay in the case. (EOJ's brief, Appendix.) The Bureau then filed its amended answer alleging that the twenty-one year statute of limitations barred EOJ's Ejectment Action. (R.R. at 851.)

Then, in an order dated November 17, 2000, the trial court granted summary judgment to the Bureau and dismissed EOJ's Ejectment Action as barred by the statute of limitations, and, in a separate order also dated November 17, 2000, the trial court dismissed EOJ's Discharge Petition. (EOJ's brief, Appendix.) In an opinion issued with the November 17 orders, the trial court concluded that there was sufficient evidence to demonstrate that EOJ brought its Ejectment Action outside the applicable twenty-one year statute of limitations period. (Trial ct. op. at 4.) The court held that De Concini, at the very least, had constructive notice of the 1942 sale because the Report and Return of Sale shows that the notice was mailed to De Concini, and the Bureau does not need to present the return receipt card to satisfy its burden of proof. (Trial ct. op. at 5.) Further, the trial court concluded that De Concini's signed receipts demonstrated that he received actual notice for each sale after 1942. (Trial ct. op. at 5.) The trial court held that, because De Concini did not pay his taxes, received these notices and failed to investigate a potential claim within the statutory period, EOJ's Ejectment Action was barred. (Trial ct. op. at 5–6.) EOJ now appeals from the November 9, 1999 order and from the November 17, 2000 orders to this court.[2]

Initially, EOJ argues with regard to the November 9, 1999 order that the trial court erred in allowing the Bureau to amend its answer to EOJ's Ejectment Action to assert a statute of limitations defense because, under Rule 1032 of the Pennsylvania Rules of Civil Procedure, Pa. R.C.P. No. 1032, a party waives all defenses that are not presented by preliminary objection, answer or reply. We disagree that Rule 1032 should bar amendment of the pleadings in this case.

Rule 1033 of the Rules of Civil Procedure states that:

A party, either by filed consent of the adverse party or by leave of court, *may at any time* change the form of action, correct the name of a party or *amend his pleading.* The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, *even*

---

**2.** Our scope of review of the trial court's orders here is limited to determining whether the trial court made an error of law or abused its discretion. *Fedorko Properties, Inc. v. Millcreek Township School District,* 755 A.2d 118 (Pa.Cmwlth.2000), *appeal denied,* —— Pa. ——, 771 A.2d 1289 (2001). An abuse of discretion exists where the judgment exercised by the lower court is manifestly unreasonable. *Id.* Moreover, summary judgment is only appropriate when, after examining the record in the light most favorable to the non-moving party, there is no genuine issue of material fact, and the moving party is clearly entitled to judgment as a matter of law. *Id.*

*though they give rise to a new* cause of action or *defense.* An amendment may be made to conform the pleading to the evidence offered or admitted.

Pa. R.C.P. No. 1033. (Emphasis added.) This rule has long been interpreted to provide for the liberal amendment of pleadings, when the amendment will not prejudice [3] the opposing party, in order to allow full development of a party's theories and averments. *Newcomer v. Civil Service Commission of Fairchance Borough,* 100 Pa.Cmwlth. 559, 515 A.2d 108 (1986), *appeal denied,* 514 Pa. 626, 522 A.2d 51 (1987). Amendments should be allowed at any stage of the case, and the right to amend pleadings is ordinarily a matter resting in the sound discretion of the trial court. *Bevans v. Township of Hilltown,* 72 Pa.Cmwlth. 227, 457 A.2d 977 (1983).

■ In this case, the trial court determined that the amendment would not prejudice EOJ and that, in fact, much of the delay had been caused by EOJ. EOJ counters by arguing that, following the filing of its Title Action, it was engaged in settlement negotiations with the parties, and because the Bureau delayed the negotiations, EOJ should not be held responsible. However, even if true, EOJ's argument pertains only to the judgment of non pros. Although the trial court initially entered the judgment of non pros against EOJ, this judgment was subsequently reopened.[4] Then the trial court granted the Bureau's requested alternate remedy, which gave the Bureau leave to amend its pleadings relating to EOJ's Ejectment Action by alleging the affirmative defense of statute of limitations. As to this grant, EOJ does not allege prejudice. Further, we do not find anything that indicates EOJ was prejudiced by the Bureau's ability to assert such a defense.[5] Because EOJ fails to allege prejudice and because Rule 1033 calls for the liberal amendment of pleadings, the trial court did not abuse its discretion in permitting the amendment here.

Next, EOJ argues that, in its November 17, 2000 order, the trial court erred in granting summary judgment based on a statute of limitations defense. We disagree. Because the trial court carefully considered, and properly resolved, this issue in its sound opinion, we affirm the trial court on this issue, adopting the trial court opinion of Judge D. Michael Stine, entered in *E.O.J., Inc. v. The Tax Claim Bureau of Schuylkill County and Commonwealth Environmental Systems, L.P.* and *E.O.J., Inc. v. The Tax Claim Bureau of Schuylkill County and Richard J. Withelder, John R. Withelder, Sr., Alyce W. Harman, and Diane L. Withelder, Successors in*

3. "Prejudice is defined as being something greater than a mere detriment to the other party, since any amendment almost certainly will be intended to strengthen the amending party's legal position and correspondingly weaken the opposing party's position." 6 Standard Pennsylvania Practice 2d § 30:5.

4. The trial court originally granted the judgment of non pros based on *Penn Piping, Inc. v. Insurance Company of North America,* 529 Pa. 350, 603 A.2d 1006 (1992), which required a presumption of prejudice in, and favored dismissal of, cases involving a delay of two years or more where there was a lack of activity on the docket. Following the supreme court's abandonment of this presump-

tion of prejudice in *Jacobs v. Halloran,* 551 Pa. 350, 710 A.2d 1098 (1998), which abrogated *Penn Piping,* the trial court reopened the judgment of non pros. *See* R.R. at 832–35.

5. We note that the Bureau waited seven years after EOJ filed the Title Action to file the motion to amend its answer in the Ejectment Action; however, unreasonable delay alone is an insufficient ground upon which to base a denial of a motion to amend. *See Kenney v. Southeastern Pennsylvania Transportation Authority,* 122 Pa.Cmwlth. 1, 551 A.2d 614 (1988), *appeal denied,* 525 Pa. 622, 577 A.2d 892 (1990).

*Interest to Ross Withelder, a/k/a Jackie Withelder, and Commonwealth Environmental Systems, L.P.* (Docket Nos. S–540–1988 and S–1274–1989, filed November 17, 2000).

█ Finally, with regard to the second November 17, 2000 order, EOJ argues that the trial court erred in dismissing its Discharge Petition based on the trial court's granting of summary judgment. We find no error in the trial court's dismissal of the Discharge Petition.

Section 701 of the Law, 72 P.S. § 5860.701 (emphasis added), provides, in pertinent part, as follows:

Where the county commissioners ... have, prior to the time when this act became effective in any taxing district, acquired any property at a tax sale ... such commissioners ... shall deliver possession of such property to the bureau together with all the pertinent information.... Thereafter all rights and title to the property ... shall vest in the county, as trustee, for all taxing districts having the power to levy taxes against such property, if it were privately owned, and the bureau shall become the agent of all taxing districts having an interest in the management and control of such property with *the following powers and duties* with respect thereto.

The bureau's powers and duties with respect to the property are set forth in section 702 of the Law, 72 P.S. § 5860.702 (emphasis added), which states, in pertinent part, that "[t]he property turned over to it, as provided in the preceding section [section 701], *shall not be subject to redemption ....*" However, the bureau may sell the property at private sale subject to sections 613, 614 and 615 of the Law. *See* 72 P.S. § 5860.702(h).

In this case, the Commissioners acquired the Hoffa tract at the 1942 sale. Then, when the Law was enacted in 1947,

the Commissioners delivered possession of the Hoffa tract to the Bureau pursuant to section 701 of the Law. Once that occurred, under section 702 of the Law, the Hoffa tract could not be redeemed. No matter what EOJ alleged in the Discharge Petition regarding an agreement between itself and the Bureau allowing EOJ to redeem the Hoffa tract, the Bureau lacked any legal authority to enter into such an agreement. Because section 702 of the Law prohibits redemption of the Hoffa tract, the trial court properly dismissed the Discharge Petition.

Accordingly, we affirm.

### ORDER

AND NOW, this 17th day of July, 2001, the November 9, 1999 order of the Court of Common Pleas of Schuylkill County (trial court) granting the Tax Claim Bureau's Motion for Leave to Amend its Answer is hereby affirmed. The November 17, 2000 order of the trial court granting summary judgment and dismissing E.O.J., Inc.'s (EOJ) action in ejectment is hereby affirmed on the basis of the opinion issued by the trial court in *E.O.J., Inc. v. The Tax Claim Bureau of Schuylkill County and Commonwealth Environmental Systems, L.P.* and *E.O.J., Inc. v. The Tax Claim Bureau of Schuylkill County and Richard J. Withelder, John R. Withelder, Sr., Alyce W. Harman, and Diane L. Withelder, Successors in Interest to Ross Withelder, a/k/a Jackie Withelder, and Commonwealth Environmental Systems, L.P.* (Docket Nos. S–540–1988 and S–1274–1989, filed November 17, 2000). The November 17, 2000 order of the trial court dismissing EOJ's Discharge Tax Claims and Liens and/or to Enforce Settlement is hereby affirmed.