613 A.2d 112

Warren R. CAPENOS and Mary K. Capenos,
Husband and Wife, Parkstown, Inc.

v.

LAWRENCE COUNTY TAX CLAIM BUREAU and Mahoning
Consumer Discount Company, and Edward Stiffler and
Ida Stiffler, Husband and Wife.

**Appeal of MAHONING Consumer
Discount Company, Appellant.**

Commonwealth Court of Pennsylvania.

Argued May 14, 1992.

Decided July 21, 1992.

W. Thomas Andrews, for appellant.

George P. Micacchione, for appellee.

Before McGINLEY and KELLEY, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Mahoning Consumer Discount Company (Mahoning) appeals the order of the Court of Common Pleas of Lawrence County, dated September 26, 1991, which granted summary judgment to the appellees, Warren R. and Mary K. Capenos (the Capenoses) in their action to quiet title.[1]

The Capenoses purchased the property[2] at a judicial sale on May 13, 1988. The property, consisting of 1.46 acres, had been owned by Edward and Ida Stiffler. Mahoning held two mortgages executed against the property by the Stifflers. One mortgage was in the face amount of $63,510.30 and was recorded on October 4, 1985; the other mortgage was in the face amount of $73,370.40 and was recorded on March 27, 1986.

Because of the failure of the Stifflers to pay taxes owing on the property, it was exposed to an upset sale in September of 1987, pursuant to the provisions of the Real Estate Tax Sale Law (Law), Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §§ 5860.101–5860.803.

On February 16, 1988, the property not having been sold at the upset sale, the Bureau petitioned the trial court for a "free and clear" judicial sale of the subject property, in accordance with Section 610 of the Law,[3] 72 P.S. § 5860.610. A Rule to

1. This Court's scope of review of a trial court's grant of summary judgment is limited to a determination of whether the trial court abused its discretion or committed an error of law. *Jones v. Cheltenham Township,* 117 Pa.Commonwealth Ct. 440, 543 A.2d 1258 (1988).

2. In the Capenoses' Complaint to Quiet Title, at Paragraph 24, they aver that they (the Capenoses) agreed to sell the property to Parkstown, Inc. under an Installment Land Sale Contract, which was recorded on April 5, 1989. (R.R. 6a.)

3. That Section provides:

Show Cause was issued by the trial court; the return date of the Rule was April 4, 1988.

The Rule was properly served upon Mahoning, and stated as follows:

WHEREAS, the Tax Claim Bureau has filed a Petition with the Court of Common Pleas of Lawrence County at No. 6 of 1988 MD asking leave of Court to sell Real Estate at Public Sale, freed and cleared of claims, liens, mortgages, charges and estates, except separately taxed ground rents in accordance with provisions of the Real Estate Tax Sale Law....

NOW, you are notified that the Court has ordered and decreed and a rule is hereby issued upon you as assessed owner, lien holder, municipal tax claimant, mortgage holder, ground rent holder, or adverse owner to appear and show cause why a decree should not be made, that the above property be sold freed and cleared of the respective claims, liens, mortgages, charges and estates, except those separately taxed....

(R.R. 38a.)

The Rule served upon Mahoning, however, listed only the mortgage in the face amount of $73,370.40 which had been recorded on March 27, 1986. It did not list the mortgage which had been recorded on October 4, 1985. Mahoning did not appear on the return date of the Rule.

In cases where the upset price shall not be bid at any such sale, the sale shall be continued, ... and the bureau may, at any time during or after the continuance, ... file its petition in the court of common pleas of the county to sell the property under sections 612 and 612.1.... Upon the presentation of such petition, accompanied with searches, showing the state of the record and the ownership of the property and all tax and municipal claims, liens, mortgages, ground rents, charges and estates against the same, the court shall grant a rule upon all parties thus shown to be interested to appear and show cause why a decree should not be made that said property be sold, freed and cleared of their respective tax and municipal claims, liens, mortgages, charges and estates, except separately taxed ground rents. The rule shall be made returnable in not more than thirty (30) days from the date the petition was presented or as otherwise determined by the court.

On April 5, 1988, the trial court issued an order by which it set the date of the free and clear judicial sale for May 13, 1988, in accordance with Section 612 of the Law, 72 P.S. § 5860.612, which provides in relevant part:

> (a) If upon hearing, the court is satisfied that service of the rule has been made upon the parties named in the rule, in the manner provided by this act, and that the facts stated in the petition are true, it shall order and decree that said property be sold at a subsequent day to be fixed by the court, *freed and cleared of all ... mortgages,* ... to the highest bidder, and that the purchaser at such sale shall take and thereafter have an absolute title to the property sold free and clear of all ... mortgages,....

(Emphasis added.)

Mahoning admitted receiving this order.

The judicial sale was thereafter held on May 13, 1988, at which time the Capenoses purchased the property free and clear of all tax and municipal claims, mortgages, liens, charges and estates, except separately taxed ground rents.

By letter dated December 21, 1988, Mahoning advised William M. Panella, Esq.[4] that it intended to enforce the mortgage which had not been listed on the Rule to Show Cause, on the subject property. The Capenoses thereafter filed the within Complaint to Quiet Title[5] against the Bureau, Mahoning and the Stifflers wherein they sought a judgment declaring them the owners of the property in fee simple free of all claims of the defendants and barring the defendants from asserting any claims in the property.

In its Answer to the Capenoses' complaint, Mahoning denied that the property was sold free and clear of the first

---

4. Mr. Panella is the attorney representing the appellee Parkstown, Inc.

5. The action to quiet title is an appropriate remedy under Pa.R.C.P. No. 1061(b)(2) which provides:

> (b) The action may be brought

> . . . . .

> (2) where an action of ejectment will not lie, to determine any right, lien, title or interest in the land or determine the validity or discharge of any document, obligation or deed affecting any right, lien, title or interest in land;....

mortgage it held by reason of the failure to list that mortgage on the Rule to Show Cause. Mahoning admitting having received notice of the judicial sale.

After the close of pleadings, the Capenoses moved for summary judgment pursuant to Pa.R.C.P. No. 1035. By opinion and order dated September 26, 1991, the trial court granted the Capenoses' Motion for Summary Judgment.

In its opinion, the trial court addressed Mahoning's argument that the notice was inadequate because it listed only the second mortgage; the trial court determined that there is no statutory mandate or case law requiring a listing of all the outstanding mortgages. The trial court also reviewed the wording of the Rule to Show Cause which used the plural form in its description of claims against the property, and determined that a reasonable person proceeding in good faith would not believe that any claim would survive the sale. Further, the trial court rejected Mahoning's claim that it believed that only the mortgage listed on the Rule would be discharged, and cited as support for its decision the fact that Mahoning is a professional entity engaged in the business of loaning money and Mahoning's failure to enter an objection by responding to the Rule.

Before us,[6] Mahoning argues that the notice was insufficient to deprive it of its first mortgage under the Law. The Capenoses counter that the Law does not require that notice be given for each lien, rather, it requires notice to each lienholder; all that is required is that a lienholder be advised of the pending sale so that the lienholder may object. Since there is no dispute that Mahoning received notice of the pending sale, the fact that the notice listed only one of its mortgages is of no moment.

Section 610 of the Law, 72 P.S. § 5860.610, authorizes a county tax claim bureau to petition the trial court for a judicial sale "[i]n cases where the upset price shall not be bid at any such [upset] sale." Section 610 states what must be set forth on the petition, namely, that the property was exposed for

---

**6.** Mahoning appealed to Superior Court which, by order dated November 7, 1991, transferred the matter to this Court.

upset sale, the upset price was not bid, and the tax claim against the property has not been discharged. It then provides:

> Upon the presentation of such petition, accompanied with searches, showing the state of the record and the ownership of the property and all tax and municipal claims, liens, mortgages, ground rents, charges and estates against the same, *the court shall grant a rule upon all parties thus shown to be interested* to appear and show cause why a decree should not be made that said property be sold, freed and cleared of their respective tax and municipal claims, liens, mortgages, charges and estates, except separately taxed ground rents.

(Emphasis added.)

■ Clearly, the Law requires that a search showing all outstanding claims accompany the Bureau's petition to the trial court; however the Law does not require that that search accompany the Rule to Show Cause which is thereafter issued. The Law instead requires that the Rule, i.e., the notice of the judicial sale, be granted upon all *parties* shown to be interested; in other words, upon all lienholders uncovered by the search.

■ In the present case, it is undisputed that the search which accompanied the Bureau's petition to the trial court listed only one of the mortgages held by Mahoning. As a listed lienholder, Mahoning was served with the Rule to Show Cause. The Rule listed Mahoning's mortgage of March 27, 1986, although such listing was not required under Section 610 of the Law. It is true, as Mahoning argues, that if there were two liens held by separate lienholders and the search failed to uncover one of the liens, the failure to notify one of the lienholders would result in an undischarged lien. That is not the case here. It is disclosure of the lienholders which must be effected by the title search, and notification of the lienholders which is required by the Law. All of that was accomplished in the present case.

Mahoning argues that it was unaware that both mortgages would be discharged by the judicial sale. We agree with the trial court that the Rule to Show Cause, which used the plural form, adequately informed Mahoning that a petition had been filed by the Bureau seeking the sale of the property "freed and cleared of ... mortgages...." The Rule requested that Mahoning "appear and show cause why a decree should not be made, that the ... property be sold freed and cleared of the respective ... mortgages...."

The Law, at Section 612, further provides that the purchaser at a judicial sale takes the property "free and clear of *all* ... mortgages." 72 P.S. § 5860.612, *supra* (emphasis added). In accordance with Section 612 of the Law, the trial court, on April 5, 1988, entered an order fixing the date of sale and setting forth that the property was to be sold freed and cleared of all, *inter alia,* mortgages. Mahoning admitted receiving that order.

We determine that the notice provisions of the Law were followed in this case and that Mahoning was adequately put on notice that its mortgages would be discharged upon sale of the property at a judicial sale. Finding no abuse of discretion or error of law committed by the trial court, we affirm its grant of summary judgment in favor of the Capenoses.

## ORDER

AND NOW, this 21st day of July, 1992, the order of the Court of Common Pleas of Lawrence County, dated September 26, 1991, is affirmed.