### In re TAX CLAIM BUREAU OF LEHIGH COUNTY SALE NO. 49–28.

### Summit Bank, Successor to First Valley Bank, Appellant.

Commonwealth Court of Pennsylvania.

Argued Oct. 10, 1997.
Decided Nov. 6, 1997.

Wendy J. Wasserman, Princeton, New Jersey, for appellant.

John P. Servis, Deputy County Sol., Allentown, for appellee.

Before COLINS, President Judge, and SMITH, J., and LORD, Senior Judge.

COLINS, President Judge.

Summit Bank (Summit Bank or Bank) appeals the order of the Court of Common Pleas of Lehigh County (Common Pleas) denying its petition to set aside tax sale number 49–28 on the ground that the Bank did not receive adequate notice of the sale.

As of March 1992, the Bank held the mortgage on real estate located at 547 North Silk Street, Allentown, Pennsylvania, and owned by Annabelle Rodriguez. In May 1995 when Rodriguez defaulted on her loan payments, the Bank began a mortgage foreclosure action in Common Pleas. Judgment and a writ of execution were entered in June 1996, and a sheriff's sale of the property was scheduled for October 25, 1996.

Meanwhile, in August 1996 the Tax Claim Bureau of Lehigh County filed a petition

(Petition) to sell the property at a judicial sale, after the property failed to attract the minimum bid at an earlier upset sale. The Tax Claim Bureau attached to its Petition an abstract of title for each of the subject properties, showing the state of the record, ownership, and all liens, mortgages, and other claims against the properties. Common Pleas issued its Rule to Show Cause, which stated:

NOW, this 1st day of August, 1996, upon consideration of the within Petition, a Rule is granted and directed against each party in interest in any of the properties to be sold as listed in Exhibit "A" of the within Petition, said parties in interest appearing in the Abstract of Title and Tax Lien Certificates attached to said Petition as Exhibit "B", to appeal and show cause why a Decree should not be made that the said property [sic] be sold, freed and cleared of their respective claims, liens, mortgages and ground rents. Service of said Rule is to be made and governed by § 611 of the Real Estate Tax Sale Law, ... 72 P.S. § 5860.611.

Returnable the 16th day of September, 1996, 9:30 a.m. before the Motion Court Judge....

The Tax Claim Bureau served the Bank with the rule to show cause, attaching the Petition and its Exhibit A, but failing to attach Exhibit B of the Petition. When no objections were filed, Common Pleas ordered the judicial sale, at which the property sold free and clear of all claims. The Bank filed a *petition to set aside the sale, or in the alternative, to make the sale subject to the Bank's lien.* Common Pleas dismissed the Bank's petition, and this appeal followed.

On appeal, Summit Bank claims that the Tax Claim Bureau did not comply with the notice requirements of the Real Estate Tax Sale Law (Law)[1] because it served the rule to show cause without attaching a copy of the abstract of title for each property exposed to sale (Exhibit B to the Petition) and because the property owner's name was misspelled on the list of properties subject to sale (Exhibit A to the Petition, which was served with the rule to show cause). Second, the Bank con-

tends that it did not receive adequate notice of the sale in that neither the rule to show cause nor the attached Petition and list of property owners was sufficient to identify the lienholders with respect to each property. The Bank requests that the tax sale be set aside, or in the alternative, that the sale be made subject to the Bank's mortgage.

Section 610 of the Law, 72 P.S. § 5860.610, provides that when a property fails to sell at the upset price, the tax claim bureau shall immediately file its petition for judicial sale.

Upon the presentation of such petition, accompanied with searches, showing the state of the record and the ownership of the property and all tax and municipal claims, liens, mortgages, ground rents, charges and estates against the [property], the court shall grant a rule upon all parties thus shown to be interested to appear and show cause why a decree should not be made that said property be sold, freed and cleared of their respective ... claims, liens, mortgages, charges....

72 P.S. § 5860.610. The rule must be personally served by the sheriff. Section 611 of the Law, 72 P.S. § 5860.611.

■ In our decision in *Capenos v. Lawrence County Tax Claim Bureau,* 149 Pa. Cmwlth. 323, 613 A.2d 112 (1992), we concluded that the Law does not require that the title search information accompany the rule to show cause.

Clearly, the Law requires that a search showing all outstanding claims accompany the Bureau's petition to the trial court; however[,] the Law does not require that that [title] search accompany the Rule to Show Cause which is thereafter issued. The Law instead requires that the Rule, *i.e., the notice of the judicial sale,* be granted upon all *parties* shown to be interested; in other words, upon all lienholders uncovered by the search.

*Id.* 613 A.2d at 115. The record indicates that the Tax Claim Bureau complied with the requirements of the Law in submitting its Petition and in effecting service of the rule on the interested parties. The Law does not

---

1. Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §§ 5860.101–5860.803.

require that the abstract of title or any other document identifying the property owner and/or lienholders accompany the rule to show cause.

A rule to show cause is made ex parte, directing an adverse party to show cause why an action should not be taken; "[t]he only requirement ... is to appear on the return day. If the hearing is held and a party fails to appear, it is bound by the decision rendered[ ]...." *Petition of Tax Claim Bureau,* 149 Pa.Cmwlth. 532, 613 A.2d 634, 638, *petition for allowance of appeal denied,* 533 Pa. 615, 618 A.2d 404 (1992).

Having received the rule, Summit Bank had notice that property in which it had an interest was to be sold free and clear of all liens, and, by legal implication, the Bank had notice that it had been identified to the court as a party in interest (i.e., as a property owner or lienholder). The attached Exhibit A identified the Rodriguez property by owner and street address. The rule itself sufficiently notified Summit Bank that it had an interest in a property subject to sale, and Exhibit A provided additional information from which it should have been able to identify the property to ascertain its status as lienholder. If the Bank perceived that information was missing or inadequate to identify its lien, it should have requested that information from the Tax Claim Bureau.

As a matter of its own procedure, Common Pleas referenced the attached Petition and exhibits in a gratuitous effort to provide parties in interest with all of the information submitted in petitioning for the judicial sale. Presumably the court intended to clarify the respective interests and their relationships to the subject properties. We encourage such efforts; however, where for some reason the intended attachments do not accompany the rule to show cause, a party in interest, especially one who fails to inquire, cannot be said to have received inadequate notice.

■ As for the misspelling, listing the property owner as "Rodriquez" rather than "Rodriguez" on a document not required (by Law) to accompany the rule, does not render the rule or its adequacy as notice, ineffective. Furthermore, the name as misspelled is essentially the same as the name correctly spelled, and the misspelling correctly identifies the owner, as referenced to the property address.

Accordingly, the order of the Court of Common Pleas is affirmed.

### ORDER

**AND NOW,** this 6th day of November, 1997, the order of the Court of Common Pleas of Lehigh County in the above-captioned matter is affirmed.