612 A.2d 601

**CHURCH OF GOD OF PROPHECY, Appellant,**

**v.**

**CITY OF ALLENTOWN and UGI Corporation, Appellees.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 7, 1992.

Decided June 25, 1992.

Stanley B. Gruber, for appellant.

Alan M. Black, for appellee, City of Allentown.

Before COLINS and PALLADINO, JJ., and BARRY, Senior Judge.

COLINS, Judge.

This is an appeal by the Church of God of Prophecy (appellant) from an order of the Court of Common Pleas of Lehigh County (Common Pleas) granting the motion for summary judgment filed by the City of Allentown (City) in an action for damages brought by appellant against the City.

The foregoing action was instituted by appellant after the collapse of appellant's church structure allegedly caused by water damage from a broken water main under the mainte-

nance and control of the City. The City claimed immunity pursuant to what is commonly referred to as the Political Subdivision Tort Claims Act (Act), 42 Pa.C.S. §§ 8541–8542, and asserted that any damages assessed against the City should be offset against insurance benefits received by appellant. Additionally, the City joined UGI Corporation (UGI) as an additional defendant, alleging that the ruptured water line was due to UGI's negligence.

After the close of pleadings and upon completion of all discovery, the City moved for summary judgment on the ground that the fair market value of appellant's church building, including the contents therein, did not exceed the insurance benefits received by appellant for the loss. On June 19, 1991, Common Pleas granted the City's motion, giving rise to the present appeal.

Appellant argues that Common Pleas erred in granting the City's motion for summary judgment and that the appropriate methodology to assess damages for loss of its church structure was the reasonable cost of replacement with a similar structure, not the fair market value standard relied on by Common Pleas. In this regard, appellant draws an analogy between the present case and the fact situation of *Commonwealth v. Estate of Jesse W. Crea,* 92 Pa.Commonwealth Ct. 242, 483 A.2d 996 (1977), in which a public bridge was damaged, and the Court deemed it a situation where "value in the commercial sense" could not be determined to adequately compensate for the actual loss sustained. Similarly, appellant maintains that its church building, like that of the aforementioned bridge, was unique, without a determinable commercial value, and therefore warranted a replacement cost damages assessment approach. It is appellant's further contention that Common Pleas erroneously deferred to the affidavit of the City's real estate appraiser, attesting that there was a basis for determining the fair market value of the church building at issue.

Our scope of review is limited to determining whether or not the trial court committed an error of law or abused its discretion. The trial court's decision to enter summary judg-

ment is appropriate if review of the record in the light most favorable to the non-moving party establishes that no genuine issue of material fact exists. *Jones v. Cheltenham Township,* 117 Pa.Commonwealth Ct. 440, 543 A.2d 1258 (1988).

■ Upon review, we find that the record in this matter does support Common Pleas in finding that unlike the public bridge example to which appellant refers, churches "are sometimes bought and sold," and that appellant's "loss can be measured by the normal fair market value method and that is the measure of damages here." Moreover, having found that appellant's damages did not exceed the insurance benefits received, Common Pleas did not err in granting the City's motion for summary judgment.

Specifically, Common Pleas relies on testimony given by appellant's pastor, Bishop Norman Scotton, at his June 18, 1990 deposition, that prior to its use as a church structure, appellant's building apparently had been used as a basketball court and that, from approximately 1973 to 1988, other prospective buyers expressed interest in acquiring the church building. Hence, evidence of record supports Common Pleas in rejecting appellant's arguments that the church structure was a unique, "single-use" building with "no marketability." Bishop Scotton further testified that at the time appellant purchased the church building in 1973, renovation work was necessary prior to using the building as a church, from which Common Pleas concluded that before sustaining damage, the building could have been sold and renovated for secular use.

■ We further find that Common Pleas did not err in accepting the affidavit of the City's expert, Glenn Moyer, a real estate agent and appraiser, who used a direct sales comparison method to obtain the fair market value ($54,-400.00) of the damaged church structure. Moyer rejected both the income method because "income is not a consideration in the purchase of a church," and the replacement cost method because "appellant's building was over one hundred years old," and instead used six comparable properties with "reliable points of comparison," five of which were churches.

Accepting Moyer's calculation of the fair market value of appellant's property, which amount did not exceed insurance monies appellant received, Common Pleas concluded that no genuine issue as to any material fact remained and that the City was entitled to judgment as a matter of law.

We agree, noting that "[w]e have acknowledged in the past that the valuation of property is not an exact science and that it is the fact finder's role to determine the weight to be accorded an expert's testimony in this area." *McGraw–Edison v. Washington County,* 132 Pa.Commonwealth Ct. 437, 441, 573 A.2d 248, 250 (1990). In the present matter, we cannot find that Common Pleas erred in accepting Moyer's affidavit, especially since appellant presented no expert testimony to refute it. A similar situation occurred in *McGraw–Edison,* where appellant never presented to the trial court expert testimony rebutting what it alleged was "remote" data presented in an opposing expert's comparable sales data approach to property valuation, and then attempted to raise the objection for the first time on appeal to this Court. Even apart from consideration of the waiver issue, we held that "the question of remoteness generally goes to the weight of the evidence, *Gottus v. Allegheny County Redevelopment Authority,* 425 Pa. 584, 229 A.2d 869 (1967), a matter committed to the trial court's discretion." *McGraw–Edison,* 132 Pa.Commonwealth Ct. at 443, 573 A.2d at 251.

The foregoing rationale is applicable to the case before us in which appellant failed to offer Common Pleas either rebuttal testimony or affidavits from any expert appraiser refuting Moyer's approach. Common Pleas, therefore, did not err in deeming this a situation where the City's right to summary judgment is clear and free from doubt in that " 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' Pa.R.C.P. 1035(b)." *Marks v. Tasman,* 527 Pa. 132, 134, 589 A.2d 205, 206 (1991).

Accordingly, based on the foregoing discussion, the order of Common Pleas granting the City's motion for summary judgment is affirmed.

## ORDER

AND NOW, this 25th day of June, 1992, the order of the Court of Common Pleas of Lehigh County granting summary judgment in the above-captioned matter is affirmed.