624 A.2d 259

**Joseph Thomas ZLAKOWSKI, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION.**

Commonwealth Court of Pennsylvania.

Argued Feb. 1, 1993.

Decided April 2, 1993.

Louis Kattelman, for appellant.

Alton G. Grube, Senior Deputy Atty. Gen., for appellee.

Before PALLADINO and SMITH, JJ., and NARICK, Senior Judge.

PALLADINO, Judge.

Joseph Thomas Zlakowski (Plaintiff) appeals an order of the Court of Common Pleas of Bucks County (trial court) treating

the motion to dismiss of the Commonwealth of Pennsylvania, Department of Transportation (DOT) as a motion for summary judgment, and granting said motion. We affirm.

In 1983, Plaintiff was severely injured in a dirt bike accident which may have occurred on property which was the subject of contemporaneous eminent domain proceedings between DOT and Penn Central Corporation (Penn Central). In 1984, Plaintiff filed a complaint against DOT and Consolidated Rail Corporation (Conrail), alleging that either or both defendants owned the property where the accident occurred. In 1985, Plaintiff filed an amended complaint adding Penn Central as a defendant.[1]

DOT filed an answer and new matter to the amended complaint raising, *inter alia*, sovereign immunity. In 1986, DOT filed an amended new matter raising the affirmative defense commonly referred to as the Recreation Use of Land and Water Act (RULWA), Act of February 2, 1966, P.L. (1965) 1860, 68 P.S. §§ 477–1—477–8.[2] Without filing an opinion, a trial court judge denied DOT's motion for summary judgment by order dated April 28, 1987.

At a subsequent evidentiary hearing before another trial court judge, DOT moved for dismissal asserting, among other

1. Penn Central and Conrail were subsequently dismissed on their motions for summary judgement.

2. RULWA states, in pertinent part:
   § 477–1.
   The purpose of this act is to encourage owners of land to make land and water areas available to the public for recreational purposes by limiting their liability toward persons entering thereon for such purposes.
   § 477–3.
   Except as specifically recognized or provided in section 6 of this act, an owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure, or activity on such premises to persons entering for such purposes.
   § 477–6.
   Nothing in this act limits in any way any liability which otherwise exists: (1) For wilful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity. (2) For injury suffered in any case where the owner of land charges the person or persons who enter or go on the land for the recreational use thereof
   . . .

things, that even if it owned the property where the accident occurred, it was immune from liability under RULWA. The trial court agreed. Specifically, the trial court concluded that Plaintiff's amended complaint pled only simple, ordinary negligence, and did not allege willfulness or maliciousness on the part of DOT. Moreover, the trial court concluded that Plaintiff could not amend his complaint, since such an amendment would create a new and different cause of action after the statute of limitations had run. Finally, the trial court concluded that the April 28, 1987 order denying DOT's motion for summary judgment did not preclude the present ruling, since that order was entered before the appellate courts held that RULWA protection extended to property owners that did not invite public, recreational use of their land.[3]

On appeal to this court,[4] Plaintiff raises the following issues: 1) whether the amended complaint alleges a willful or malicious failure to warn against a dangerous condition under Section 477-6(1); 2) alternatively, whether amendment of the complaint to specifically aver willful or malicious failure to warn against a dangerous condition would create a new and different cause of action after the statute of limitations had expired; and 3) whether the trial court erred in granting summary judgment when DOT's earlier motion for summary judgment was denied by another judge.

The amended complaint alleges in pertinent part:

3. Citing *Gallo v. Yamaha Motor Corporation, U.S.A.,* 363 Pa.Superior Ct. 308, 526 A.2d 359 (1987), *petition for allowance of appeal denied,* 517 Pa. 623, 538 A.2d 876 (1988); *Friedman v. Grand Central Sanitation, Inc.,* 524 Pa. 270, 571 A.2d 373 (1990).

4. Our scope of review of a trial court's grant of summary judgment is limited to determining whether the trial court committed an error of law or abused its discretion. *Capenos v. Lawrence County Tax Claim Bureau,* 149 Pa.Commonwealth Ct. 323, 613 A.2d 112 (1992). Summary judgment is appropriate only if review of the record in a light most favorable to the non-moving party establishes that there is no genuine issue of material fact. *Church of God of Prophecy v. City of Allentown,* 149 Pa.Commonwealth Ct. 101, 612 A.2d 601 (1992). It is well-settled that summary judgment may be granted only if the right is clear and free of doubt. *DiMino v. Borough of Pottstown,* 142 Pa.Commonwealth Ct. 683, 598 A.2d 357 (1991).

1. At the time of the occurrence hereinafter set forth, Defendant PennDOT and/or Defendant Conrail and/or Defendant Penn Central Corporation was the owner of, and maintained the real estate at the premises located at the southeast corner of Route 13 and US Highway Route # 1, Levittown–Fairless Hills, Pennsylvania.

2. Said real estate consisted of an open field which defendants knew or should have known was used by motorcycle riders.

3. There was free access to and between the roadways of Route 13 and US # 1 and the property of defendants.

4. Plaintiff avers that it became and was the duty of the defendants to keep and maintain said property in a good and safe condition so that said area and property should not constitute a menace, danger, nuisance, snare or trap for ther [sic] persons whom defendant knew to be using the property.

5. Not withstanding [sic] said duty the defendants on May 28, 1983 and for a long time prior thereto, *negligently* permitted the property to become and remain so full of ruts and holes to as to [sic] constitute a menace, danger, nuisance, snare and trap for the persons upon said premises.

6. On or about May 28, 1983 at or about 3:00 p.m. the plaintiff while riding his motorcycle on said field owned by the defendants was caused to be thrown from said motorcycle when it struck a rut or hole causing the plaintiff to be catapulted from the motorcycle with great force and violence whereby he sustained certain injuries as hereinafter more particularly set forth.

7. The aforesaid occurrence was due entirely to the *negligence* of defendants, their servants, agents or employees acting within the scope of their employment for and in behalf of the defendants.

8. The *negligence* of the defendants, its servants, agents and employees as aforesaid, consisted of: (a) failing to maintain said property in a condition which would protect and safeguard persons on the property and prevent them from falling into the ruts and/or holes; (b) permitting the

said field to become and remain in a condition with ruts and holes so as to constitute a menace, danger, nuisance, snare and trap for persons on said property; (c) failing to have said property inspected at reasonable intervals in order to determine the condition of said property; (d) failing to warn persons using the property of the dangerous condition of the said property; (e) disregarding the rights and safety of the plaintiff and other persons upon the property; (f) otherwise failing to exercise due care under the circumstances.

9. As a result of the *aforesaid negligence* plaintiff was caused to suffer various physical injuries in and about his person ...

(Emphasis added.)

■ Plaintiff's amended complaint is plainly grounded in negligence; indeed, it pleads negligence by its express terms. In *Jones v. Cheltenham Township,* 117 Pa.Commonwealth Ct. 440, 543 A.2d 1258 (1988), the defendant asserted RULWA as a defense to a complaint similar to the present complaint.[5] The *Jones* court concluded:

[t]he term willful is not defined in the Recreation Act, thereby leaving its precise definition to the courts. In *Rosa v. United States,* 613 F.Supp. 469, 476 (M.D.Pa.1985) the Court found willful to mean an act done voluntarily or intentionally or knowingly, as distinguished from accidental. Nowhere in the complaint does [plaintiff] aver that [defendant] had actual knowledge of the condition complained of, nor does [plaintiff] aver that [defendant] deliberately, intentionally or knowingly failed to guard or warn against a dangerous condition, use or activity in the park. The trial

5. The complaint in *Jones* alleged in pertinent part:
The death of plaintiff's decedent, Milton Jones, was caused directly by the negligence of the defendant, its officers, agents and employees in a) maintaining the premises of Richard Wall Park in an unsafe and dangerous condition; b) failing to warn plaintiff's decedent, Milton Jones, and others of the dangerous conditions existing therein; c) permitting children to play in a stream clearly dangerous and unsafe for such purposes; d) failing to use due care under the circumstances.
*Id.* at 442, 543 A.2d at 1259.

court properly found that [plaintiff] failed to plead necessary elements of willfulness.

*Id.* at 444, 543 A.2d at 1260 (footnote omitted).

Similarly, Plaintiff's amended complaint fails to allege a willful or malicious failure to warn against a dangerous condition under Section 477–6(1).[6]

■ The *Jones* court also concluded that the plaintiff's attempt to amend his complaint from negligence to willful negligence after the statute of limitations had run constituted "a new and different cause of action which was properly denied by the trial court." *Id.* at 444–45, 543 A.2d at 1260. *See also Bendas v. Township of White Deer*, 131 Pa.Commonwealth Ct. 138, 143, 569 A.2d 1000, 1002, *petition for allowance of appeal denied*, 526 Pa. 639, 584 A.2d 321 (1990) (trial court properly refused to allow the plaintiffs to amend their complaint in negligence to allege defective design, since defective design "encompassed a new cause of action for which the statute of limitations had run."). Similarly, amendment of Plaintiff's complaint would improperly create a new and different cause of action after the statute of limitations had expired.

■ As to the third issue, the general rule prohibiting one trial judge from overruling another in the same case does not apply where new evidence or new legal authority compels a different conclusion. *Golden v. Dion & Rosenau*, 410 Pa.Superior Ct. 506, 600 A.2d 568 (1991). Here, the decision of the supreme court in *Friedman v. Grand Central Sanitation, Inc.*, 524 Pa. 270, 571 A.2d 373 (1990), was directly relevant to the present case. In *Friedman*, the supreme court concluded for the first time that RULWA immunized "owners of recreational land even if they did not invite the general public to use their land." *Id.* at 276, 571 A.2d at 375. Since it is impossible

6. Plaintiff argues that this issue is controlled by the superior court's holding in *Baran v. Pagnotti Enterprises, Inc.*, 402 Pa.Superior Ct. 298, 586 A.2d 978 (1991), in which that court reversed a compulsory nonsuit and equated the "wilful or malicious" standard of Section 477–6(1) with the "wilful and wanton" standard owing to gratuitous licensees at common law. Without addressing the wisdom of that holding, we merely note that unlike *Jones* which is directly on point, *Baran* fails to address the sufficiency of the complaint.

to determine why the previous trial court judge denied DOT's motion for summary judgment as no opinion was filed, we cannot say, under the circumstances, that the trial court erred in granting summary judgment on the basis of *Friedman.* *See Farber v. Engle,* 106 Pa.Commonwealth Ct. 173, 525 A.2d 864 (1987).

Accordingly, the order of the trial court is affirmed.

## ORDER

AND NOW, April 2, 1993, the order of the Court of Common Pleas of Bucks County in the above-captioned matter is affirmed.