Benjamin STANTON and Elaine Stanton, his Wife, as Parents and Natural Guardians of Jesse Stanton, A Minor, and Individually in Their Own Right

v.

LACKAWANNA ENERGY, LTD.
and Pennsylvania Power
and Light Co.

v.

Benjamin Stanton and Elaine Stanton, his Wife, as Parents and Natural Guardians of Jesse Stanton, A Minor, and Individually in Their Own Right.

Appeal of: Pennsylvania Power
and Light Company.

Superior Court of Pennsylvania.

Argued Dec. 11, 2002.
Filed Feb. 26, 2003.

Michael G. Gallacher, Scranton, for appellant.

Before: JOHNSON, KLEIN, and KELLY, JJ.

JOHNSON, J.

¶ 1 Pennsylvania Power and Light Company (PP & L) appeals the trial court's order denying its motion for summary judgment on the plaintiffs' personal injury claims. PP & L asserts statutory immunity based on provisions of the Recreational Use of Land and Water Act (RULWA) that bar liability against owners of unimproved land who open that land without charge for recreational use by members of the public. *See* RULWA, 68 P.S. § 477–1 through 477–8. Although the court agreed with PP & L that the land in question falls within the definition of the RULWA, it found questions of fact concerning, *inter alia*, whether PP & L is an owner of the land as defined under RULWA section 477–2. Accordingly, the court denied summary judgment without prejudice for PP & L to present a defense under the RULWA at trial. For the following reasons, we reverse the court's order.

¶ 2 Benjamin Stanton and Elaine Stanton, his wife, (Plaintiffs) commenced this action individually and as parents and natural guardians of their son, Jesse Stanton, (Jesse), to recover for injuries Jesse suffered while riding a motorbike on land owned by Lackawanna Energy, Ltd. (Lackawanna). The land, consisting of 123 acres, is substantially undeveloped, covered mostly with brush and trees, and transected by dozens of dirt trails used by area residents for recreational purposes. In 1982, PP & L purchased an easement over a section of the land for construction of electric power transmission towers and maintenance of attached lines. The easement is serviced by an access road at the entrance to which PP & L erected a steel swing-arm gate painted bright yellow. On July 30, 1994, Jesse, then ten years' old, entered the land on a motorbike for the purpose of recreational riding with a friend. Jesse encountered the swing-arm gate upon cresting a hill and, although he saw it, could not avoid hitting it. As a result of the collision, Jesse suffered a cerebral concussion and multiple fractures and dislocations that required surgical reconstruction.

¶ 3 In their Complaint, Plaintiffs asserted claims against both PP & L and Lackawanna, contending that the defendants

negligently placed or allowed the placement of the swing-arm gate, negligently closed the gate when on prior occasions it remained open, and maintained an attractive nuisance. Following a pre-trial conference, Lackawanna settled Plaintiffs' claim and Plaintiffs executed a joint tortfeasor release. PP & L, however, asserted immunity under the RULWA and sought entry of summary judgment. The trial court, the Honorable Michael Barasse, concluded that PP & L would be entitled to a defense under the RULWA based on the undeveloped character of the land but denied summary judgment. Judge Barasse reasoned that the evidence demonstrated questions of fact concerning remaining elements under the RULWA; i.e., whether PP & L, as the holder of an easement, is an "owner" under section 477-2, and whether PP & L had willfully failed to warn of a dangerous condition on the land under section 477-6. The court then certified its order for appeal as one involving a controlling question of law pursuant to 42 Pa.C.S. section 702(b), and PP & L filed a Petition for Permission to Appeal pursuant to Pa.R.A.P. 1311(b). We granted PP & L's petition, and PP & L filed a notice of appeal.

¶ 4 PP & L raises the following questions for our review:

1. Whether [PP & L] is immune from liability under the [RULWA] when the evidence shows that the minor Plaintiff was injured while riding a motorbike in an area that consisted of approximately 123 acres of wooded property with dirt trails and the minor Plaintiff was not charged for the recreational use of this property[?]

   a. Whether § 477[-]6 of the [RULWA], which provides a failure to warn exception to the immunity of the Act, is applicable to this case when [Plaintiffs] must show that [PP & L] acted willfully and/or maliciously in its failure to guard or warn against a dangerous condition, and [Plaintiffs] failed to allege in their Complaint that [PP & L] acted willfully and/or maliciously in its failure to warn of the alleged dangerous condition[?]

   b. Whether § 477[-]6 of the [RULWA] applies to this case, which provides a failure to warn exception to the immunity of the Act, when [Plaintiffs] failed to present any evidence that [PP & L] acted willfully and/or maliciously or that the yellow gate constituted a dangerous condition[?]

   c. Whether [PP & L] is an owner of land under the [RULWA] when the Act defines an owner as a fee interest, tenant, lessee, occupant, or person in control of the premises, and PP & L owned a 70 foot wide permanent easement over a portion of the property which it purchased for over $100,000.00[?]

Brief for Appellant at 4.

¶ 5 PP & L's questions challenge the trial court's exercise of discretion in denying its motion for summary judgment. Our scope of review of a trial court's order disposing of a motion for summary judgment is plenary. *See Harber Philadelphia Center City Office Ltd. v. LPCI Ltd. Partnership*, 764 A.2d 1100, 1103 (Pa.Super.2000), *appeal denied*, 566 Pa. 664, 782 A.2d 546 (2001). Accordingly, we must consider the order in the context of the entire record. *See Basile v. H & R Block, Inc.*, 777 A.2d 95, 101 (Pa.Super.2001). Our standard of review is the same as that of the trial court; thus, we determine whether the record documents a question of material fact concerning an element of the claim or defense at issue. *See Chada*

*v. Chada*, 756 A.2d 39, 42 (Pa.Super.2000). If no such question appears, the court must then determine whether the moving party is entitled to judgment on the basis of substantive law. *See id.* Conversely, if a question of material fact is apparent, the court must defer the question for consideration of a jury and deny the motion for summary judgment. *Cf. McCarthy v. Dan Lepore & Sons Co., Inc.*, 724 A.2d 938, 940 (Pa.Super.1998) (defining grounds for proper grant of summary judgment). We will reverse the resulting order "only where it is established that the court committed an error of law or clearly abused its discretion." *See Basile*, 777 A.2d at 101.

¶ 6 In this case, PP & L sought summary judgment on the basis that the evidence adduced in discovery established the material elements of the defense available under the RULWA, thus barring liability to the Plaintiffs. The RULWA erects a framework for this defense in the following section:

### § 477–1. Purpose; liability

The purpose of this act is to encourage owners of land to make land and water areas available to the public for recreational purposes by limiting their liability toward persons entering thereon for such purposes.

68 P.S. § 477–1. In furtherance of this stated purpose, section 3 of the RULWA expressly negates any duty an owner of land might have at common law to keep the premises safe for recreational purposes or to warn of dangerous conditions:

### § 477–3. Duty to keep premises safe; warning

Except as specifically recognized or provided in section 6˙ of this act, [FN1] an owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure, or activity on such premises to persons entering for such purposes.

68 P.S. § 477–3 (footnote omitted). Additionally, RULWA section 4 negates any assumption of responsibility that might be implied at law by the landowner's invitation to enter, or change in legal status of members of the public who rely on that invitation:

### § 477–4. Assurance of safe premises; duty of care; responsibility, liability

Except as specifically recognized by or provided in section 6 of this act, [FN1] an owner of land who either directly or indirectly invites or permits without charge any person to use such property for recreational purposes does not thereby:

(1) Extend any assurance that the premises are safe for any purpose.

(2) Confer upon such person the legal status of an invitee or licensee to whom a duty of care is owed.

(3) Assume responsibility for or incur liability for any injury to persons or property caused by an act of omission of such persons.

68 P.S. § 477–4 (footnote omitted). Together, these sections provide a comprehensive bar to liability, the sole exception to which, as noted above in sections 3 and 4, is provided by section 6. Section 6 provides as follows:

### § 477–6. Liability not limited

Nothing in this act limits in any way any liability which otherwise exists:

(1) For wil[l]ful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity.

(2) For injury suffered in any case where the owner of land charges the person or persons who enter or go on the land for the recreational use thereof, except that in the case of

land leased to the State or a subdivision thereof, any consideration received by the owner for such lease shall not be deemed a charge within the meaning of this section.

68 P.S. § 477–6.

¶ 7 Notwithstanding the comprehensive bar the RULWA establishes, an owner of land who asserts it in defense must, as a threshold matter, demonstrate conformity with definitions the statute provides. Those definitions are as follows:

§ 477–2. Definitions

As used in this act:

(1) "Land" means land, roads, water, watercourses, private ways and buildings, structures and machinery or equipment when attached to the realty.

(2) "Owner" means the possessor of a fee interest, a tenant, lessee, occupant or person in control of the premises.

(3) "Recreational purpose" includes, but is not limited to, any of the following, or any combination thereof: hunting, fishing, swimming, boating, camping, picnicking, hiking, pleasure driving, nature study, water skiing, water sports, cave exploration and viewing or enjoying historical, archaeological, scenic, or scientific sites.

(4) "Charge" means the admission price or fee asked in return for invitation or permission to enter or go upon the land.

68 P.S. § 477–2.

¶ 8 Upon review of these sections, the trial court concluded that the parcel of ground at issue and the swing-arm gate PP & L erected conformed with the definition of "land" provided by the RULWA and, therefore, could be included under the protection of the Act. Trial Court Opinion, 11/16/00, at 4–5. Nevertheless, the court declined to extend the Act's protection on summary judgment, concluding that questions of fact remain as to whether PP & L, as holder of an easement, is an "owner" as defined by section 2. Trial Court Opinion, 11/16/00, at 6–7. The court found a question of fact, as well, as to whether PP & L's failure to warn of dangerous conditions on the land was willful, as contemplated in section 6. Trial Court Opinion, 11/16/00, at 5–6. PP & L does not challenge the court's conclusion that the easement premises and the swing-arm gate meet the RULWA's definition of "land." Rather, the company asserts that the remaining two issues, concerning application of sections 2 and 6, do not raise questions of material fact and should be determined as matters of law.

¶ 9 Concerning application of the definition of "owner" at section 2, PP & L asserts that its purchase from Lackawanna of a 70–foot permanent easement over the property is sufficient as a matter of law to render it a statutory "owner," and thereby trigger the protection of the RULWA. Brief for Appellant at 22–25. Although PP & L reserves discussion of this issue until its third sub-issue, we elect to address it first because it raises a question of first impression; i.e., whether the holder of an express easement holds an interest sufficient as a matter of law to be deemed an "owner" under section 2 of the RULWA.

¶ 10 Significantly, PP & L concedes that "[t]here are no specific cases that address the issue of whether the holder of an easement would be considered an owner under the Act." Brief for Appellant at 23. PP & L attempts to argue that as a matter of law "a holder of an easement is considered a possessor of property and held to the same duty of care as an owner of property." Brief for Appellant at 23–24 (citing *Cooper v. Reading*, 392 Pa. 452, 140 A.2d

792 (1958) and *Felger v. Duquesne Light Co.*, 441 Pa. 421, 273 A.2d 738 (1971)). PP & L concludes that to the extent the easement holder as possessor is held to the same duty as an owner of property, it must be accorded the same immunity and therefore should be recognized as an "owner" under RULWA section 2. Brief for Appellant at 25. The trial court recognized that liability may be imposed upon the holder of an easement as a "possessor" of property if the evidence shows that the holder had substantial control over the property. Trial Court Opinion, 11/16/00, at 6–7. The court concluded, however, that the issue of control poses a question of fact properly left to the determination of a jury. Trial Court Opinion, 11/16/00, at 7. The court made no determination of whether PP & L might qualify as an "owner" under the RULWA; however, its rationale suggests that the company might be deemed an "owner" if the control it exercised over the property pursuant to its easement subjected it to liability as a possessor of land. Trial Court Opinion, 11/16/00, at 6–7 (citing *Leichter v. Eastern Realty Co.*, 358 Pa.Super. 189, 516 A.2d 1247, 1249 (1986)).

¶ 11 To determine whether the court's ruling is consistent with the provisions of the RULWA, we must analyze the Act's express language subject to the constraints of Pennsylvania's Statutory Construction Act. *See* 1 Pa.C.S. § 1901–1991 (Rules of Construction). Under the Statutory Construction Act, we must construe the language of a statute according to the rules of grammar, and accord each word its common and approved usage. *See* 1 Pa.C.S. § 1903. *See also P.R. v. Pennsylvania Dept. of Public Welfare*, 759 A.2d 434, 437 (Pa.Cmwlth.2000). Nevertheless, "[w]ords having a precise and well-settled legal meaning must be given that meaning" unless there is a clear expression of legislative intent to the contrary. *Jeter v.*

*Owens–Corning Fiberglas Corp.*, 716 A.2d 633, 638 n. 4 (Pa.Super.1998) (quoting *McGinness v. Unemployment Comp. Bd. of Review*, 177 Pa.Super. 104, 110 A.2d 918, 920 (1955)).

¶ 12 In this case, we must determine if PP & L is an "owner" of land on the basis of a set of terms prescribed in section 2 of the Act, *see* 68 P.S. § 477–2 (Definitions), to achieve a policy objective made clear in section 1 of the Act, *see* 68 P.S. § 477–1 ("The purpose of this act is to encourage owners of land to make land and water areas available to the public for recreational purposes by limiting their liability . . . ."). RULWA section 2 defines an "owner" as "the possessor of a fee interest, a tenant, lessee, occupant or person in control of the premises." 68 P.S. § 477–2(2). PP & L does not contend that the possessor of an easement is "the possessor of a fee interest, a tenant, [or a] lessee," and we are aware of no decision that equates an easement with any form of fee interest, tenancy, or lease. Accordingly, PP & L may qualify as an "owner" of land under RULWA section 2 only if its easement renders it an "occupant or person in control of the premises." *See* 68 P.S. § 477–2(2). In this context, the word "occupant" has a precise legal meaning defined as "[o]ne who has possessory rights in, or control over, certain property or premises." BLACKS LAW DICTIONARY, Seventh Ed., at 1106. *See also Redevelopment Authority of Allegheny County v. Stepanik*, 25 Pa.Cmwlth. 180, 360 A.2d 300, 302 (1976) (defining "occupant" as "one who has the [a]ctual use, possession or control of a thing").

¶ 13 This definition makes apparent that any party claiming the RULWA's protection as an "occupant" must demonstrate that it exercises actual control of the premises at issue. Accordingly, the existence of PP & L's easement is significant to the

extent that it allowed PP & L to exercise control over the land. However, the mere transfer of an easement does not establish control, as an easement itself does not impart a possessory interest. *See Leichter*, 516 A.2d at 1251 (Kelly, J. concurring). Rather, the easement holder "has the right to use the land of another for a specified purpose, as distinguished from the right to possess that land." *See id.* (quoting Casner and Leach, *Property*, Ch. 32, § 8, at 1109–1110 (Little, Brown & Co.1969)). "The fact that the owner of an easement is not deemed to have a possessory interest in the land with respect to which it exists *indicates a lesser degree of control of the land* than is normally had by persons who do have possessory interests." *See id.* at 516 A.2d at 1251 (quoting RESTATEMENT OF PROPERTY § 450, cmt. b).

¶ 14 Nevertheless, the degree of control imparted by an easement "varies with the terms of the easement and the manner in which the easement is exercised." *See id.* at 1252. "Although an easement is a non-possessory interest, sufficient control may exist so as to give rise to liability as a possessor of the property . . . ." *See id.* In *Leichter*, we concluded that a retailer that held an easement over a commercial parking lot co-extensive with easements held by other retailers had sufficient control over the property to incur liability to invitees under provisions of the Restatement Second of Torts. *See id.* at 1249 (citing RESTATEMENT (SECOND) OF TORTS §§ 328E, 344). This consideration is fundamental to our determination of whether the holder of an easement, in this case PP & L, is eligible for protection as an "occupant or person in control of the premises" under the RULWA. To the extent that an easement holder exercises sufficient control over property to be deemed a possessor under Restatement Second of Torts section 328E, it may incur liability to third parties for injuries suffered on the ease-

ment premises. *See id.* at 1249–1250. Confronted by potential liability under those circumstances, all easement holders would be logically motivated to curtail public access to land under their control. Such limitations would substantially undermine the stated purpose of the RULWA. *See* 68 P.S. § 477–1 ("The purpose of this act is to encourage owners of land to make land and water areas available to the public for recreational purposes . . . ."). Only by recognizing such easement holders as "occupant[s] or person[s] in control" can we ameliorate, in all cases, this potential threat to continued public access to private land under the RULWA.

¶ 15 We hold accordingly that the meaning of "occupant or person in control" under RULWA section 2 is co-extensive with the definition of "possessor" under Restatement Second of Torts section 328E. That section provides as follows:

### § 328E. Possessor of Land Defined

A possessor of land is

(a) a person who is in occupation of the land with intent to control it, or

(b) a person who has been in occupation of land with intent to control it, if no other person has, subsequently, occupied it with intent to control it, or

(c) a person who is entitled to immediate occupation of the land, if no other person is in possession under clauses (a) and (b).

RESTATEMENT (SECOND) OF TORTS § 328E. If an easement holder exercises sufficient control to be subject to liability as a possessor under this section, he must also be deemed an "occupant or person in control" pursuant to the RULWA.

¶ 16 The practical consequence of this decision is to render easement holders immune as a matter of law from claims of possessor liability for injuries suffered on

"land" defined by the RULWA. This is so because evidence sufficient to establish grounds for the easement holder's liability as a "possessor" also establishes its defense as an "occupant or person in control" under RULWA section 2. Stated differently, the same evidence on which the plaintiff's claim must be based bars imposition of liability on that claim. Under these circumstances, there is no set of facts on which a plaintiff can establish "possessor" liability against the holder of an easement over "land" as defined in the RULWA. Accordingly, the trial court erred in deferring to the jury the determination of whether PP & L is an "occupant or person in control" (and therefore an "owner") under RULWA section 2. *See* 68 P.S. § 477–2(2).

¶ 17 We will now address PP & L's first and second questions, both of which challenge the trial court's denial of summary judgment on the basis of RULWA section 6. *See* 68 P.S. § 477–6(1). That section provides an exception to the statute's bar to liability if a landowner's failure to warn of dangerous conditions on the land was willful or malicious. *See id.* PP & L argues that the Plaintiffs failed, initially, to plead conduct cognizable as willful or malicious, and failed subsequently, to adduce any evidence to prove such conduct. Brief for Appellant at 19–22. Although the trial court concluded "[t]his is a question better left for a jury to decide," it recited only evidence supportive of PP & L's position that Plaintiffs failed to demonstrate willful or malicious conduct. Trial Court Opinion, 11/16/00, at 6.

■ ¶ 18 Upon review, we are not convinced that Plaintiffs' Complaint alleges anything distinguishable from ordinary negligence. The words "malicious" and "willful" appear nowhere in the Complaint; nor have Plaintiffs in their Appellee's Brief suggested any language or allegation that,

if proven, would establish even willfulness. Pennsylvania's federal courts, applying RULWA section 6, have opined the "willfulness under § 477–6 contains two elements: (1) actual knowledge of a danger; [and] (2) that [the danger] is not obvious to those entering the premises." *Flohr v. Pennsylvania Power & Light Company*, 821 F.Supp. 301, 304 (E.D.Pa.1993). Plaintiffs have identified no allegation in their Complaint, nor can we find one, that if proved would establish that PP & L had "actual knowledge" that the swing-arm gate into which Jesse Stanton collided posed a danger to members of the public. Indeed, the Complaint fails even to allege that PP & L had actual knowledge that the public frequented the property. In the absence of an allegation of such knowledge we fail to discern how the company can be charged with voluntary or intentional conduct toward members of the public. *See* BLACKS LAW DICTIONARY, Seventh Ed., at 1593 (defining "willful" as "[v]oluntary and intentional, but not necessarily malicious.")

¶ 19 Under like circumstances, the Commonwealth Court has twice found plaintiffs' complaints insufficient to invoke the exception to the bar on liability provided by RULWA section 6. *See Zlakowski v. Commonwealth Dept. of Transp.*, 154 Pa. Cmwlth. 528, 624 A.2d 259, 261–62 (1993) (concluding that plaintiffs failed to plead exception under section 6 of RULWA where complaint repeatedly characterized defendant's conduct as negligent and failed to cite "willful" or "malicious" conduct); *Jones v. Cheltenham Twp.*, 117 Pa. Cmwlth. 440, 543 A.2d 1258, 1260 (1988) ("Nowhere in the complaint does [Plaintiff] aver that [Defendant] had actual knowledge of the condition complained of, nor does [Plaintiff] aver that [Defendant] deliberately, intentionally or knowingly failed to guard or warn against a dangerous condition, use or activity in the park."). In

view of similar omissions from the Complaint Plaintiffs filed here, we are compelled to reach the same conclusion: Plaintiffs' Complaint is insufficient as a matter of law to plead the exception provided by RULWA section 6. *See* 68 P.S. § 477–6(1).

¶ 20 Moreover, we concur in PP & L's assessment that the two-year statute of limitations applicable to this case has long since expired. Under these circumstances, any amendment of the Complaint to aver willful or malicious conduct is barred by operation of law. *See Zlakowski*, 624 A.2d at 262 (quoting *Jones*, 543 A.2d at 1260) (concluding that trial court properly denied request to amend negligence complaint after expiration of limitations period to include averments of willful conduct under RULWA section 6 because amendment would plead "a new and different cause of action"). Accordingly, we conclude that the trial court erred in its finding that issues of material fact prohibited entry of summary judgment on this issue.

¶ 21 Order **REVERSED**. Case **REMANDED** for entry of summary judgment in favor of Pennsylvania Power and Light Company. Jurisdiction **RELINQUISHED**.