**M.C.M., a Minor by M.G.M. & C.W., His Parents & Natural Guardians, Appellants,**

v.

**The MILTON S. HERSHEY MEDICAL CENTER OF the PA STATE UNIVERSITY, Appellee.**

Superior Court of Pennsylvania.

Argued April 23, 2003.

Filed Sept. 15, 2003.

Reargument Denied Nov. 24, 2003.

Charles P. Hehmeyer, Philadelphia, for appellants.

Edwin Schwartz, Harrisburg, for appellee.

BEFORE: HUDOCK, TODD and POPOVICH, JJ.

OPINION BY POPOVICH, J.:

¶ 1 M.C.M. and his parents, M.G.M. and C.W. (Appellants), appeal the entry of summary judgment on June 7, 2002, in favor of Milton Hershey Medical Center (MHMC), in the Court of Common Pleas of Lancaster County. Also, MHMC has filed a Motion with this Court to strike Appellants' Reply Brief. Upon review, we grant MHMC's Motion and reverse the entry of summary judgment in favor of MHMC.

¶ 2 The relevant facts are set forth in the trial court's Opinion of May 23, 2002, as follows:

> [M.C.M.] was born at MHMC on January 20, 1994. On December 24, 1994, he woke up in a nearly catatonic state with tremors. He was subsequently diagnosed as suffering from Gluatric Aciduria type I (GA–I), an inborn error of metabolism which prevents a person from properly metabolizing certain amino acids. As a result of this disorder, he suffered profound neurological injury, causing permanent brain damage, quadriparesis and dystonia. His parents, [M.G.M. and C.W.], instituted this corporate negligence action against MHMC. They contend that, at the time of their son's birth, a reliable method of detecting GA–I existed [through the use of "tandem mass spectrometry," or "MS/MS,"] but was not utilized by MHMC. They allege that MHMC was negligent for failing to offer the test.

Trial Court Opinion, 5/23/2002, at 1.

¶ 3 On January 16, 2001, MHMC filed a Motion *In Limine* and Motion for Summary Judgment pursuant to *Frye v. United States*, 293 F. 1013 (D.C.Cir.1923), *Commonwealth v. Topa*, 471 Pa. 223, 369 A.2d 1277 (1977), and their progeny, which

requested pre-trial determination of the admissibility of Appellants' experts regarding the use of the GA–I test in 1994 (the year of M.C.M.'s birth). MHMC contended that if Appellants' expert testimony regarding the use of the GA–I test in 1994 was precluded, Appellants could not present a *prima facie* case of corporate negligence, and, thus, summary judgment in MHMC's favor would be proper.

¶ 4 Following submission of briefs and a telephone conference, the trial court held a two-day *Frye* hearing on March 26–27, 2002, with respect to MHMC's Motion. The trial court limited testimony to the following issue: "Whether the use of MS/MS [tandem mass spectrometry] in comprehensive newborn screening had gained sufficient scientific recognition in the medical profession in 1994 to permit testimony about it." *See* Trial Court Opinion, 5/23/2002, at 4. Thereafter, the trial court issued an Opinion and Order on May 23, 2002, that granted MHMC's Motion *In Limine* and entered summary judgment in favor of MHMC.

¶ 5 Appellants filed a Praecipe to Enter the Judgment on June 7, 2002. On June 17, 2002, Appellants filed a timely Notice of Appeal to this Court. The trial court did not order Appellants to file a Pa.R.A.P. 1925(b) Concise Statement of Matters Complained of on Appeal, and the trial court did not author a new Opinion

¶ 6 We note that MHMC filed a Motion to Strike Appellants' Reply Brief with this Court. Before we reach a recitation of Appellants' issues, we will address MHMC's Motion. Reply briefs are governed by Pa.R.A.P. 2113, which states, in pertinent part:

(a) In accordance with Rule 2185(a) (Time for Serving and Filing Briefs; General Rule), the appellant may file a brief in reply to matters raised by appellee's brief and not previously

addressed in appellant's brief. If the appellee has cross appealed, the appellee may file a similarly limited reply brief.

¶ 7 A review of Appellants' Reply Brief indicates that it fails to conform to Pa.R.A.P. 2113 because it does not address any new issues raised by MHMC in its brief. Instead, Appellants' Reply Brief attempts improperly to bolster the arguments presented in their original advocate's brief. *See* Pa.R.A.P. 2113(a); *see also Childers v. Power Line Equip. Rentals,* 452 Pa.Super. 94, 681 A.2d 201, 214 n. 7 (1996) (holding that reply briefs may not reargue issues raised previously in original advocate's brief). Further, Appellants' Reply Brief fails to abide by the page limitations for reply briefs set forth in Pa.R.A.P. 2135(2) (15 pages of conventional typographical printing). Accordingly, Appellants' Reply Brief fails to conform to the Pennsylvania Rules of Appellate Procedure, and we, therefore, grant MHMC's Motion to Strike Appellants' Reply Brief.

¶ 8 Appellants present the following issues for our review:

1.(A) Did the Trial Court err by rejecting [Appellants'] evidence about MS/MS newborn metabolic screening based on a finding that, under *Frye,* the screening had not gained "sufficient standing in the medical community in 1994," when it is *that very fact, i.e.,* that portions of the medical community, including [MHMC], failed to embrace MS/MS screening—that [Appellants'] challenge as unreasonably dangerous?

(B) Did the Trial court err by requiring that [Appellants'] experts' conclusion (that GA–I was a "disorder amenable to discovery through MS/MS") be "universally accepted," or

even accepted by a "majority of scientists" in 1994 when [Appellants] only need to prove that a substantial number of respected members of the relevant scientific community agree?

2. Did the Trial Court err by determining that under [*Frye*], [Appellants] failed to demonstrate sufficient scientific recognition in 1994 that [GA–I] was a "disorder amenable to discovery through MS/MS" to permit admission of expert testimony regarding the "availability and reliability" of MS/MS newborn metabolic screening?

Appellants' brief, at 2.[1]

¶ 9 We turn to Appellants' first issue. Appellants' first claim challenges the grant of summary judgment in favor of MHMC.

Our scope of review of a trial court's order disposing of a motion for summary judgment is plenary. Accordingly, we must consider the order in the context of the entire record. Our standard of review is the same as that of the trial court; thus, we determine whether the record documents a question of material fact concerning an element of the claim or defense at issue. If no such question appears, the court must then determine whether the moving party is entitled to judgment on the basis of substantive law. Conversely, if a question of material fact is apparent, the court must defer the question for consideration of a jury and deny the motion for summary judgment. We will reverse the resulting order only where it is established that the court committed an error of law or clearly abused its discretion.

*Stanton v. Lackawanna Energy, Ltd.,* 2003 PA Super 83, at ¶ 5, 820 A.2d 1256,

1258–59 (citations and quotation marks omitted).

¶ 10 Appellants contend first that the trial court's erroneous grant of summary judgment in favor of MHMC was based on the trial court's incorrect ruling with respect to MHMC's Motion *In Limine.* The essence of Appellants' argument is that the trial court erred by applying *Frye* improperly to exclude Appellants' expert testimony regarding the ultimate question of the case, *i.e.,* "Whether it was reasonable for MHMC not to utilize MS/MS testing in newborn children for diagnosis of GA–I in 1994?" We agree.

■■■■ ¶ 11 As we held recently in *Trach v. Fellin,* 817 A.2d 1102 (Pa.Super.2003), the *Frye* test sets forth an exclusionary rule of evidence that applies only when a party wishes to introduce ***novel scientific evidence obtained from the conclusions of an expert scientific witness.*** *Trach,* 817 A.2d at 1108–09 (emphasis added). Under *Frye,* a party wishing to introduce such evidence must demonstrate to the trial court that the relevant scientific community has reached ***general acceptance*** of the principles and methodology employed by the expert witness before the trial court will allow the expert witness to testify regarding his conclusions. *Id.,* 817 A.2d at 1108–09, 1112 (emphasis added). However, the ***conclusions*** reached by the expert witness from generally accepted principles and methodologies need not also be generally accepted. *Id.,* 817 A.2d at 1112. Thus, a court's inquiry into whether a particular scientific process is "generally accepted" is an effort to ensure that the ***result*** of the scientific process, *i.e.,* the proffered evidence, stems from "scientific research which has been conducted in a fashion that is generally recognized as being sound, and is not the

---

1. We have renumbered Appellants' issues for    purposes of organization.

fanciful creations [sic] of a renegade researcher." *See id.*, 817 A.2d at 1111 (*quoting Blum v. Merrell Dow Pharms., Inc.*, 564 Pa. 3, 9–10, 764 A.2d 1, 5 (2000) (Cappy, C.J., dissenting)).

¶ 12 In the present case, the question of "general acceptance" lies not with an attempt by Appellants to proffer evidence regarding the *results* of a MS/MS test, rather it lies with the ultimate question of whether the medical community generally accepted the *use* of the *test itself* in 1994 for the purpose of screening newborn children for GA–I. Therefore, at trial, Appellants would be obligated to present expert testimony regarding the number of hospitals whose policy was to use the MS/MS test for the purpose of screening newborn children for GA–I in 1994 to prove whether MHMC violated the accepted standard of care. *See Edwards v. Brandywine Hosp.*, 438 Pa.Super. 673, 652 A.2d 1382 (1995) (to demonstrate corporate liability, plaintiff must show that hospital breached non-delegable duties, which include duty to formulate, adopt and enforce adequate rules and policies to ensure quality care for patients); *see also Welsh v. Bulger*, 548 Pa. 504, 514, 698 A.2d 581, 585 (1997) (unless a hospital's negligence is obvious, plaintiff must produce expert testimony to establish that hospital deviated from accepted standard of care and that the deviation was substantial factor in causing the harm to plaintiff).

■ ¶ 13 *Frye* does not apply with respect to a determination of which hospitals had a policy of utilizing the MS/MS test to diagnose GA–I in newborn infants, because a compilation of the number of hospitals which used the test in 1994 could not be considered "novel scientific evidence." *See Trach*, 817 A.2d at 1108–09; *see also Haney v. Pagnanelli*, 2003 Pa Super 261, at ¶ 15, 830 A.2d 978, 982. Rather, a determination of the number of hospitals that

had a policy regarding the MS/MS test for newborn screening of GA–I in 1994 would entail expert testimony from the medical directors of various hospitals in question as to whether the policy was in effect in their hospitals in 1994, and the hospitals' reasons for utilizing or not utilizing the test. Therefore, because the evidentiary question regarding the *breadth of use* of the MS/MS test in 1994 to screen for GA–I in newborns was not "novel scientific evidence," the trial court's discretion with respect to expert testimony on that question was governed solely by Pa.R.E. 702 (relating to testimony by experts). Accordingly, we are constrained to find that the trial court's application of *Frye* in this instance was improper.

■ ¶ 14 The effect of the trial court's misapplication of *Frye* resulted in its erroneous conclusion that Appellants failed to demonstrate sufficient proof of the general acceptance of the use of the MS/MS test in newborn screening to permit testimony by their expert witness about the test, and its erroneous grant of MHMC's Motion *In Limine*. Consequently, the trial court ruled that summary judgment was proper because Appellants could not present expert testimony regarding the MS/MS test in 1994. *See* Trial Court Opinion, 5/23/2002, at 14. Accordingly, the trial court, in essence, decided the ultimate question that Appellants wished to present to a jury, *i.e.*, "Whether it was reasonable for MHMC not to utilize MS/MS testing in newborn children for diagnosis of GA–I in 1994?" As we have held many times, it is the province of the jury to weigh questions of fact and assess the credibility of expert witnesses. *Cf. White v. Owens–Corning Fiberglas Corp.*, 447 Pa.Super. 5, 668 A.2d 136, 142 (1995) (holding that however clear and indisputable the proof may be when it depends on oral testimony, it is nevertheless the province of the jury to decide the

law applicable to the facts). Therefore, we are unable to agree with the trial court that MHMC has satisfied its burden of proving that no genuine issue of material fact exists. Accordingly, we reverse the judgment of the trial court.[2]

¶ 15 Judgment reversed. Case remanded for further proceedings consistent with this Opinion. Motion to strike granted. Jurisdiction relinquished.

---

**2.** As we have found Appellants' first issue dispositive in our decision to reverse the judgment below, we need not address Appellants' remaining issues.